86 281
e112 351

CASE 43—PETITION—NOVEMBER 8.

## Hopkins, &c., v. Crouch, &c.

APPEAL FROM BOURBON COUNTY COURT.

THE COUNTY COURT HAS JURISDICTION TO DIVIDE LAND which is held jointly by two or more persons, and upon an application for a division by one of several joint owners, may hear and determine any equitable defense that may be pleaded against a division.

A owned one undivided half of a tract of land in remainder, and B. owned the other half in remainder. C owned a life estate in the entire tract. A having leased C's life estate, applied to the county

court for a division of the land, which was resisted by B. The court
upon hearing dismissed A's petition. *Held*—That the court acted
properly in refusing the division, as to divide the land would furnish
A both the motive and the power to improve his portion of the land,
and throw the burden of cultivation on C's portion.

RUSSELL MANN for appellants.

Where there is a vested interest in all the parties sec. 499 of Civil Code
authorizes a division of the land between the parties, according to
their respective interests. (Blakely v. Colder, 15 N. Y., 617; Kean
v. Tilford, 5 Law Rep., 659; Adams' Equity, 493; Scoville v. Hil-
liard, 48 Ill., 453; Hilliard v. Scoville, 52 Ill., 449.)

C T. HANSON and L. K. ELLIOTT for appellees.

Until there is a right of possession in each of those having title jointly to
land there can be no division under sec. 499 of Civil Code.

JUDGE BENNETT delivered the opinion of the court.

Laban Letton, by his last will, which was probated
in the Bourbon County Court in 1864, devised one-half
of a tract of land, containing one hundred and fifteen
acres, to his granddaughters, Mary L. and Nancy E.
Hutsell, and the other half to his grandchildren Lida
Crouch and J. B. Letton. This land was devised sub-
ject to the life estate of E. T. Letton, widow of Laban
Letton. The appellant, Mrs. Hopkins, bought the un-
divided interest of Mary L. and Nancy E. Hutsell in
this tract of land. The appellant, Robert T. Hopkins,
leased from Mrs. E. T. Letton, widow, her dower inter-
est in this land during her life.

Afterwards, and while the widow was yet alive, the
appellants filed a petition in the Bourbon County Court,
for the purpose of having the land divided between
them and the appellees, Lida Crouch and J. B. Letton.
These appellees resisted the right of the appellants
to have the land divided. The county court dismissed

the appellants' petition. They have appealed to this court.

By subsection 1 of section 499 of the Civil Code the county court has jurisdiction to divide land which is "held" by a person "jointly with others." The county court judge has the power to hear and determine any equitable defense that may be pleaded against a division. Any equitable defense that a chancellor might hear and determine as a reason why the division should not be made, or should be postponed for the present, the county court judge has the right to hear and determine.

The appellant, Mrs. Hopkins, acquired by purchase an undivided half remainder interest in this land. The appellant, Robert T. Hopkins, the husband, subsequently leased from the life tenant her entire term. The life tenant is yet alive. If the land should be divided now, and set apart to each by metes and bounds, each part would be owned in severalty, and not in common. The appellants would not only have the right to enter upon and hold the portion set apart to Mrs. Hopkins, but would have the right to enter upon and hold the portion set apart to the appellees, by virtue of the lease from the life tenant, and hold the same during her life ; also, if the appellant, Robert T. Hopkins, should die before the life tenant, the lease would descend to his heirs during the remainder of the life of the life tenant. During all this time the appellees would be denied the right of entering upon, using, controlling, or protecting their own. And during all this time the appellants would not only be in possession and enjoyment of the portion set apart to Mrs.

Hopkins, but, by virtue of the lease, would be in the possession and enjoyment of the portion set apart to the appellees. And they could, and doubtless would, so use the portion set apart to them as to improve its condition, and throw the burden of cultivation upon the portion set apart to the appellees, thereby causing a constant wear and gradual deterioration in the productiveness of the soil; whereas, they would keep their own portion in a high state of cultivation.

We think that, in view of the foregoing facts, a chancellor would and should decide unhesitatingly against granting an order for the division of the land.

But it is said that if the appellants were to attempt to use the appellees' portion as above indicated, such use would amount to waste, and they would be liable to an action for waste. We think that they might so discriminate as to throw the burden of cultivation upon the appellees' portion without being liable to an action for waste. But, be that as it may, should the chancellor make the division with his eyes open to the fact that he was, in all probability, subjecting the appellees to the expense and annoyance of resorting to an action yearly, or oftener, to protect their interest against the abuse of power placed in the hands of the appellants by him? We think not.

But it is said that the life tenant might so cultivate and use the land as to deteriorate a portion of it, and improve another portion of it; and of this the remaindermen could not complain; and as the appellants stand in her shoes, the appellees have no right to complain of a division now. It is true that the life tenant might so cultivate and use the land as to deteriorate a

portion of it more than another portion. But it must be remembered that she would have no interest hostile to the rights of the appellees prompting her to do so ; and it is not, therefore, probable that she would. But the controlling fact is, even should she do so, that, in that case, the land would not be divided until after the injury was done ; and the division would take place with that fact in view.

The judgment of the county court is affirmed.