# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1890, IN THE SEVENTY-
FOURTH YEAR OF THE STATE.

No. 14,423.

## THE CITY OF NEW ALBANY v. WILLIAMS.

DEDICATION.—*Streets.*—*When Land not Dedicated For.*—*Plat.*—Where the owner of land made and recorded a plat of the same, and filed with the plat a written explanation stating that it was a plat of certain land "in blocks, or squares, by the drawing of lines across said ground, where the center line of the street will come when the same is platted to correspond with the Conner plat and the streets in the plat, it being the intention of said Conner to plat said ground, or in the event of their being sold by him, to provide for their being platted to correspond with the contiguous ground already platted," there was no dedication of the land between the blocks for streets.

SAME.—*Partition Proceeding.*—*Commissioners.*—*New Plat by.*—*Heir Entitled to Land as Originally Platted.*—Where the owner of land platted a certain portion of it into lots and blocks, streets and alleys, and a certain other portion into lots, but without any streets between them, and after his death his heirs instituted a suit in partition, and the commissioners appointed in said proceeding assigned to one of the heirs a lot in the portion without streets, and the commissioners made a new plat in which a part of the lot so assigned to said heir was taken for a street, the action

of the commissioners in said behalf was without authority, the heir being entitled to the lot as originally platted.

From the Floyd Circuit Court.

*C. D. Kelso* and *H. E. Jewett,* for appellant.

BERKSHIRE, C. J.—The facts of this case, briefly stated, are as follows: In the year 1853, Thomas Conner owned certain real estate in Floyd county, Indiana, in what was known as the " Illinois Grant." On the first day of April, in that year, he caused a plat thereof to be recorded as an addition to the city of New Albany, and designated the said plat as No. 47. Certain portions of said real estate were divided into blocks, and subdivided into lots, and when thus subdivided certain streets and alleys were designated.

Other parts of said real estate were divided into blocks, or out-lots, and certain streets indicated, but no alleys provided for.

Soon after laying out the said addition to said city, Thomas Conner died intestate, leaving a widow and several children as his only heirs at law; and thereafter the widow brought her action, in partition, in the common pleas court of said county, and such proceedings were had that commissioners were appointed, and one-fifth of said real estate set off to her in severalty, and the remainder left undivided.

With their report, and in explanation thereof, the commissioners caused a plat of all said real estate to be made, which was designated as "Wilson's Survey."

Afterwards, and while said cause was still pending, one of the children of said Thomas Conner departed this life, intestate, leaving his mother (the said widow) and his brothers and sisters as his only heirs; thereafter the said widow filed her supplemental complaint for partition, and other commissioners were appointed, and the remainder of said real estate partitioned between said widow and children, the share of each being set off in severalty. In making said partition the second commissioners used and rec-

The City of New Albany *v.* Williams.

ognized said "Wilson's Survey" in explanation of their action. Several parcels of said real estate were assigned to the appellee, who was one of the children and heirs of Thomas Conner, and, among others, block or out-lot 13, which is one of the blocks that was not subdivided. In the plat made by Wilson the size of block 13 is stated as being 430x340 feet, and in the report of the commissioners as containing $3\frac{356}{1000}$ acres.

Upon the Wilson plat a street is designated on the east end of said block 40 feet in width, called Silver street.

On the original plat, as made and recorded by Thomas Conner, there is nothing to indicate a street, and all that is given to designate the size of the block are the figures 470 on the line running east and west, and the figures 370 on the line running north and south, which the plat as a whole indicates clearly was intended to represent the length and width of said lot in feet. Silver street, as it appears on "Wilson's Survey," running along the east end of said block has never been opened nor improved, and for many years said block, including that part upon which said street is designated, has been enclosed as one enclosure.

The appellant was, and had been for some time, asserting the existence of a street, as represented by "Wilson's Survey," and was threatening to enter said enclosure for the purpose of opening the street as claimed, to prevent which this action was instituted.

After the cause was put at issue it was submitted to the court for trial, and thereafter a finding was returned in favor of the appellee, and over a motion for a new trial judgment was rendered granting a perpetual injunction.

The only question presented for our consideration is the sufficiency of the evidence to support the finding of the court.

We are not of the opinion that Thomas Conner, when he platted and had recorded the said addition, No. 47, thereby dedicated a street on the east end of block 13. In fact the written explanation accompanying this plat informs us to the

contrary. We copy that portion of it which is material to the questions under consideration : " The foregoing plat, made by Thomas Conner, is a division into lots, with streets and alleys, of part of Letter B, in No. 28, of the Illinois Grant; also of 25 acres of Letter E, in said No. 28 of said grant, and part of the Shelby tract, or No. 42, in said grant (including the lots sold Anderson, Wilcox & Repin), in blocks, or squares, by the drawing of lines across said ground where the center line of the street will come when the same is platted to correspond with the Conner plat and the streets in this plat, it being the intention of said Conner to plat said grounds, or in the event of their being sold by him, to provide for their being platted to correspond with contiguous ground already platted."

Block 13, here involved, is, as we understand the record, located in the " Shelby Tract." Upon that part of the plat which refers to the twenty-five acre tract in " Letter E," Market street is indicated; and certain streets are noted on that part of the plat covering the " Shelby Tract."

That part of the plat having reference to " Letter B " is divided into blocks, and then subdivided into lots, and all necessary streets and alleys noted.

The twenty-five acres in " Letter E," and the " Shelby Tract," are divided into blocks and so left, with the intention of the proprietor expressed to subdivide the same in the future into lots, and then to dedicate other streets to correspond with the streets already dedicated.

The most that can be said, therefore, in support of the appellant's contention is, that Thomas Conner promised to subdivide block 13 into lots at some uncertain period in the future ; and whenever he made the subdivision to extend Silver street along the east end of such block. The subdivision never was made, nor the street extended.

Block 13, in the partition proceedings, was set off to the appellee by its number. She took it as her father had held

it; and, as he was under no obligation to extend Silver street, she is not.

It is true, the plat that was made by Wilson, and furnished to the commissioners appointed to make partition of the real estate, designated Silver street as extending along the east end of the block, and gave the length of the block as 430 feet, and its area as $3\frac{356}{1000}$ acres; but if there was, in fact, no street along the east end of the block, or if it contained a greater area than that given, the Wilson plat, so far as it undertook to recognize a street, or control the area of the block of ground, was without virtue, and can have no controlling influence in the decision of the questions here involved.

The commissioners had no authority, under their appointment, to dedicate a street, or to reduce the size of block 13. The block was assigned to the appellee, by number; this was the controlling description, and the appellee took title to all of the real estate covered by the number, whether much or little.

The fact that Oak street, running along on the north side of the appellee's real estate, was improved, and that she was only assessed with a frontage of 340 feet, and only paid for the improvement of that number of feet, can not be regarded as of any importance in view of the conclusion we have reached, although under some circumstances it might have some weight.

It is contended that Thomas Conner sold lots with reference to the plat, and that his children thereafter made sales, but if they did so it was with reference to the plat as made and recorded, and could give to the public no rights other than what appeared upon the plat.

We find no error in the record.

Judgment affirmed, with costs.

Filed Sept. 24, 1890; petition for a rehearing overruled Nov. 11, 1890.