110 984
e112 352

CASE 119—ACTION FOR PARTITION OF LAND—MAY 24.

# Garth's Guardian v. Thompson.

### APPEAL FROM BOURBON CIRCUIT COURT.

.JUDGMENT FOR PARTITION, AND PLAINTIFF AS GUARDIAN OF JOANNA GARTH APPEALS. REVERSED.

PARTITION—STATUTORY PROCEEDING—POWER OF COURT TO MAKE PARTITION WITHOUT COMMISSIONERS.

Held: In an *ex parte* proceeding by a guardian for the partition of real estate, under Civil Code Practice, section 499, which provides for the appointment of commissioners to divide the property, there must, upon the rejection by the court of the report of the commissioners thus appointed, be another division, either by the same commissioners, or by other commissioners appointed by the court, as the court has no power to make partition, except by confirming a report of commissioners.

H. C. HOWARD, FOR APPELLANT.

T. EARLE ASHBROOK, FOR APPELLEE.

(No briefs in the record.)

ᐧOPINION OF THE COURT BY JUDGE WHITE—REVERSING.

Frank Bedford, statutory guardian of Joanna Garth and ᐧof F. A. Thompson, filed a petition *ex parte*, in the Circuit Court of Bourbon county, seeking a division of certain lands owned jointly by his two ᐧwards. The court, upon proper showing, appointed commissioners to divide and report as provided by the Code. Upon report being filed,

Fannie Shropshire, as next friend of the Thompson child,
filed exceptions, after the statutory guardian had declined
to do so, and then the court appointed a guardian *ad litem*
to represent Joanna Garth, at the request of the statu-
tory guardian, who declined to represent either child as
against the other. Upon trial of the exceptions the court
sustained the exceptions, and then directed a division to
be made, and a line to be run to conform to his judgment
under the proof. The partition made by the court's com-
missioners allotted to appellant 51.40 acres, including a
tenement house and large barn, and to appellee 44.15 acres,.
without any buildings, but with a right of way over the
other share to the turnpike. The division, as directed by
the court, gives to appellant 51.55 acres, the same land,.
substantially, as given by the commissioners, but does not
include the barn. To appellee is given 44 acres, including
the barn. The difference in the two divisions is made by
slightly changing and straightening the line dividing the
two parcels.

From the proof heard on the exceptions, we are of opin-
ion that there was no error in rejecting the partition made
by the commissioners as inequitable and unequal. The
question is then presented, did the court have the right
and power to make partition without reference to the
same or other commissioners? For, if the court could not
make partition, it will be unnecessary to discuss the ques-
tion as to whether the division ordered is fair or not. By
section 499, Civ. Code Prac., is provided a complete statu-
tory remedy for partition of lands among joint owners.
The county court is given concurrent jurisdiction with the
circuit court in such cases. This section provides for the
appointment of commissioners to divide the land. Their
report is subject to exception by either party, and may be
rejected or confirmed by the court upon proof as to its

fairness.  But we think it clear that when the partition
is sought, and the jurisdiction is obtained under that pro-
vision of the Code, whether in the circuit or county court,
the provision for commissioners can not be disregarded,
and, after they have been appointed and· report, the power
of the court extends only to the approval and confirmation
·or rejection of the report.  If the court rejects the report,
a second partition must be had by commissioners, either
the same ones formerly ·appointed, or new ones selected
by the court.  We are clearly of opinion that in proceedings
under section 499, Civ. Code Prac., the court has no power
to make partition or specifically direct the commissioners
how to make the division.  That matter is committed to
the commissioners, subject to approval of the court.  That
.a report by commissioners is necessary, and can not be
dispensed with, is shown most clearly by subsection 8,
which provides:  "Said report and deed shall be recorded
in the clerk's office of the county court, in proper books
to be kept for that purpose; and, if the report be confirmed
by the circuit court, it and the deed shall be certified by
the clerk of that court to the clerk of the county court
for record."  In this case the proceedings were *ex parte*
by the statutory guardian, and were under the provisions
of section 499.  We therefore conclude that, upon the re-
jection of the report of division, a re-reference should have
been had to the same or other commissioners, as the court
had no power to make partition except by confirming a
report of commissioners.  The question of the power and
jurisdiction of courts of equity to make partition is not
presented, because it is clear that this proceeding was un-
der the Code, and might have been in the county court as
well as in the circuit court.  For the reasons indicated,
the judgment of partition is reversed, and cause remanded
for further proceedings consistent herewith.