CASE 34—ACTION FOR PARTITION—Dec. 18.

# Eakins v. Eakins.

APPEAL FROM HENDERSON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.  REVERSED.

SALE OF DOWER—RIGHTS OF PURCHASER—PARTITION—FAILURE TO AP-POINT COMMISSIONERS.

1. Where the widow united with a part of the heirs in selling land allotted to her as dower, the other heirs had no right to interfere with the purchaser during the widow's life time.
2. In an action under Civil Code, section 499, for partition, the court had no power, without the aid of commissioners, to make partition or to adjudge to defendant a specific portion of the land purchased by him from a part of the co-tenants.

Eakins v. Eakins.

STANLEY & RUGGLES AND MONTGOMERY MERRITT, FOR APPEL-
LANT.

One hundred and sixty acres of land was allotted to Eliza-
beth Eakins in 1863 as her dower. She subsequently married
one Thompson. There were eight heirs in remainder. The
appellant owned two-eighths, having purchased J. W. Eakin's
interest in 1883.

Four of the heirs conveyed by metes and bounds their interest
in the dower tract to Felix Eakins, Mrs. Thompson joining
in the deed, who subsequently conveys to appellee Lee Eakins.

There had never been any partition of the land, nor has
appellant ever done anything looking to acquiescence in a
conveyance by metes and bounds of the four heirs to Felix
Eakins.

Appellee contends that his half interest is of no more value
than the other half and that the division should not be dis-
turbed, and the court so adjudged.

The court declined to appoint commissioners to report or
make the division.

Our contention is that the deed by the four heirs to Felix
Eakins is void.

It was an absolute right to have had commissioners to divide
the land.

Hopkins v. Crouch, &c., 86 Ky., 281; Ballard's Real Estate
Statutes, sec. 49; 1 Washburn, Real Property, 654; 31 A. D.,
295, 614; 41 A. D., 400; 34 A. D., 429; 40 A. L. R., 73; 27 A. L.
R., 569; 26 A. L. R., 667.

YEAMAN & YEAMAN, FOR APPELLEE.

S. W. Eakins died in 1862, leaving a widow and eight chil-
dren. There was set apart to the widow 160 acres of land
as her dower. She married one Thompson. After her death
this suit was brought for partition of the dower land. Ap-
pellee, Lee Eakins, is a party to the suit. His answer is that
he is the owner of four of the eight shares, one as heir and
three by purchase from the other heirs. All of these deeds
were made after the death of S. W. Eakins and each deed con-
veyed a designated twenty acres of the land, Mrs. Thompson
joining in the deeds.

He sets up in his answer that he has with the knowledge
and acquiescence of the other heirs and owners claimed and
occupied these designated portions of the land claiming to
a well-defined boundary for more than twenty-five years, and
has improved same and asks that said boundary be allotted to
him leaving eighty acres for the other heirs.

The court adjudged that the defendant, Lee Eakins, is entitled to remain in the undisturbed possession of said boundary.

From this judgment this appeal is prosecuted.

We contend that this judgment is based upon a rule approved and established by this court.

Improvements made by one co-tenant or his vendee should be respected as far as possible consistent with an equal division, and his improvements assigned to him, making no allowance in the division for the enhanced value of the land.

## AUTHORITIES CITED.

Hart v. Hawkins, 3 Bibb, 510; Nelson v. Clay, 7 J. J. Mar., 141; Haskins v. Spiller, 1 Dana, 176; Withers v. Thompson, 4 Mon., 384; Kenton, &c. v. Wiggington, 89 Ky., 330; McCann v. Edwards, 6 B. M., 208; Guyton v. Shane, 7 Dana, 499; Wynn v. Kelley, 15 Ky. Law Rep., 81; Conner v. Cox, 15 Ky. Law Rep., 140; Mockbee v. Fields, 8 Ky. Law Rep., 342.

OPINION OF THE COURT BY JUDGE GUFFY—REVERSING.

It appears from the petition in this action that Samuel W. Eakins departed this life the owner of a considerable body of real estate, leaving eight children and a widow. It further appears that 160 acres of said land was allotted to the widow, Elizabeth Q., who afterwards married Thompson. It further appears that four of the heirs of said decedent, Samuel W. Eakins, sold one-eighth interest in said dower, or what was assumed to be one-eighth, being 20 acres, and conveyed same by metes and bounds to certain parties, and finally the same was conveyed to Lee Eakins, the appellee herein. It further appears that the said widow of Samuel W. Eakins united in the conveyance. All these conveyances were made during the lifetime of said widow. It is claimed in the petition that William Watson was the owner of one-eighth interest, by purchase, of the said 160 acres. The plaintiff finally prayed for the appointment of commissioners to divide said 160 acres of land between plaintiff and defendant, Lee Eakins, allot-

ting to the heirs of Elizabeth Thompson, deceased, sub-
ject to the mortgage of Young A. Eakins, one-eighth of
said 'tract; that they allot to William Watson one-eighth
of said land, and to Young A. Eakins two-eighths of said
land, and Lee Eakins four-eighths of said land, according
to quality, quantity and value of same; and that the costs
of division be apportioned between the parties hereto in
proportion to their respective interests. The appellee,
Lee Eakins, answered the petition, and, after setting out
the conveyance hereinbefore referred to, asserted his right
to hold the said lands described in the several deeds of
conveyance, and alleged that they have been in his pos-
session, and in the possession of those under whom he
claims, by metes and well-defined boundaries, for more than
25 years, and during all said time he and his vendees have
been claiming the same as their own, with the knowledge
and acquiescence of all the parties to this suit; that when
he and his vendees so took possession of the said several
parcels they were of no more value than an equal num-
ber of acres on any other portion of said dower land; that
this defendant and his vendees have in good faith improved
and taken care of said land; and that on any division of
said dower among the plaintiff and defendant the four-
eighths thereof so acquired by this defendant can be al-
lotted and set apart to him without prejudice to any of
the parties in interest. He owns other lands adjoining
the said parcels of land so acquired and now owned by him,
as shown by the diagram filed herewith. He prayed, in
any division of said land, for this interest to be allotted to
him, and for all proper relief.

The court, upon final hearing, without the intervention
of commissioners, adjudged that the appellee, Lee Eakins,
was entitled to remain in the undisturbed possession of

the land claimed by him under the purchase aforesaid. By agreement of the parties, the answer of defendant was controverted of record.

The sole question presented for decision is whether or not the court was authorized to divide the land between the several parties in interest without an examination and report by commissioners; or, in other words, was the court authorized to adjudge to appellee the land claimed by him? It is evident that the plaintiff had no right to interfere with the occupancy or possession of the defendant until the death of the widow of Samuel W. Eakins, which death occurred in 1899. It is conceded that the proof as to whether or not the land claimed by the defendant is not worth more than he would be entitled to if no conveyance had been made or possession taken by him is conflicting. It was decided in Hopkins v. Crouch, 86 Ky.,281 (9 R.554) 5 S.W.,557, that one tenant in common, by purchasing the interest of the life tenant, does not acquire the right to compel a partition and division of the land. Section 499 of the Civil Code of Practice provides that a person desiring a division of land held jointly with others, or an allotment of dower, may file in the circuit court or county court of the county in which the land or the greater part thereof lies a petition containing a description of the land, a statement of the names of those having an interest in it, and the amount of such interest, with a prayer for the division or allotment, and thereupon all persons interested in the property who have not united in the petition shall be summoned to answer on the first day of the next term of the court. Subsection 3 of said section provides that "upon such a petition by all interested in the property, or upon the service of a summons on all who have an interest in the property and have not united in the

petition, ten days before the commencement of the term, the court may order the division, or allotment of dower, according to the rights of the parties." Subsection 4 provides that "the court shall appoint three commissioners to make the partition or allotment of dower, or both, having a due regard to all the rights of the parties interested." The commissioners are required to take an oath to discharge their duty to all impartially. It is also provided that the order shall fix a time and place of meeting of the commissioners, but, if prevented from meeting at the time and place so fixed, they may meet as soon thereafter as convenient. It is further provided that the commissioners shall make a report, and, if the same be confirmed, a commissioner to be appointed for the purpose shall, by deed, convey to each party the land allotted. It is further provided that a party summoned may by answer controvert the allegation of the petition or contest the rights claimed therein, and thereupon the case shall be tried and decided as an ordinary action, but without the intervention of a jury. Some other provisions are made not necessary to be recited. Subsection 13 provides that the cost of the action shall be apportioned among the parties in the ratio of their interests, except that the costs arising from a contest of fact or law shall be adjudged against the unsuccessful party. Subsection 16 provides that this section shall not affect the jurisdiction of courts of equity to make a partition or allot dower. It seems to us that under the provisions of the code, supra, the plaintiff had a right to institute this action, and to have a division of the land in controversy in the mode and manner described by law. In Garth's Guardian v. Thompson (23 R. 403) 110 Ky., 984 (63 S. W., 40) it appears that a proceeding was instituted under the provisions of the Code, supra. Upon the

return of the report of the commissioners, exceptions to the report were filed. Upon the trial of the exceptions the court sustained the same, and then directed a division to be made, and then a line to be run to conform to his judgment, under the proof. This court, in discussing the question, said: "From the proof heard on the exceptions, we are of the opinion that there was no error in rejecting the partition made by the commissioners as inequitable and unequal. The question is then presented, did the court have the right and power to make partition without reference to the same or other commissioners? for, if the court could not make partition, it will be unnecessary to discuss the question as to whether the division ordered is fair or not. By section 499 of the Civil Code of Practice is provided a complete statutory remedy for partition of lands among joint owners. The county court is given concurrent jurisdiction with the circuit court in such cases. This section provides for the appointment of commissioners to divide the land. Their report is subject to exceptions by either party, and may be rejected or condemned by the court on proof as to its fairness. But we think it clear that when the partition is sought, and the jurisdiction is obtained under that provision of the Civil Code of Practice, whether in the circuit or county court, the provisions for commissioners can not be disregarded, and, after they have been appointed and report, the power of the court extends only to the approval and confirmation or rejection of the report. If the court rejects the report, a second partition must be had by commissioners, either the same ones formerly appointed, or new ones selected by the court. We are clearly of the opinion that in proceedings under section 499 Civ. Code Prac.,

the court has no power to make partition or specifically direct the commissioners how to make the division. The matter is committed to the commissioners, subject to the approval of the court. That a report by commissioners is necessary, and can not be dispensed with, is shown most clearly by subsection 8 [which is then quoted by the court]. In this case the proceedings were *ex parte* by the statutory guardian, and were under the provisions of section 499. We therefore conclude that, upon the re-jection of the report of division, a re-reference should have been had to the same or other commissioners, as the court had no power to make partition except by confirming a report of commissioners. The question of the power and jurisdiction of courts of equity to make partition is not presented, because it is clear that this proceeding was under the Code, and might have been in the county court as well as in the circuit court. For the reasons indicated, the judgment of partition is reversed, and cause remanded for proceedings consistent herewith." In the case at bar the plaintiff elected to proceed under the provisions of section 499, supra, and we think it clear that under the provisions of said section, and in accordance with the principles announced in the decision, supra, plaintiff was entitled to a division or partition of the land in controversy, in accordance with the provisions of the section, supra, and the well-settled law of this State as announced in the various decisions of the court

For the reasons indicated, the judgment appealed from is reversed, and cause remanded, with direction to set aside the judgment, and for proceedings consistent with this opinion.