## Rudy, et al. v. Ramey.

(Decided November 12, 1914.)

### Appeal from Lyon Circuit Court.

1.  Judgment—Vacation or Modification by Same Court—Sec. 518, Civil Code.—In an action to set aside a judgment partitioning

lands, held that the facts constituted a case of unavoidable casualty or misfortune, preventing a party from appearing or defending, under Section 518, Civil Code, and that plaintiffs were entitled to relief.

2. Land—Partition—Court Without Authority ' to Direct Commissioners—Section 499, Civil Code.—Under Section 499, Civil Code, the court has no authority to partition land, or direct the commissioners how to make the division, but where a party is entitled to such relief, the partition should be set aside and new commissioners appointed to make proper partition.

UTLEY & UTLEY and W. L. CRUMBAUGH for appellants.

MOLLOY & HANBERRY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

A. C. Ramey, Mrs. P. B. Collins and Mrs. Jennie T. Rudy were the joint owners of a tract of land consisting of about 352 acres and located in Lyon County, Ramey owning an undivided two-fifths interest, and Mrs. Collins and Mrs. Rudy the remainder. In December, 1911, Ramey brought an action in the Lyon County Court for the purpose of having the land partitioned between him and Mrs. Collins and Mrs. Rudy. To this action Mrs. Collins and Mrs. Rudy and their husbands were made parties. The case was afterwards transferred to the Lyon Circuit Court, where commissioners were regularly appointed to make the division. The commissioners filed their report, awarding to A. C. Ramey a certain tract of land, describing it by metes and bounds, "containing by survey 90 acres, more or less." At the same time they allotted to Mrs. Rudy and Mrs. Collins the remainder of the land, which is also described by metes and bounds, and "containing 262 acres by survey." No exceptions being filed thereto, the report of the commissioners was confirmed on August 31, 1912, and a special commissioner appointed to convey the respective tracts to the parties to whom they had been allotted. On the same day he produced and acknowledged deeds in conformity to the order of the court. The case was then stricken from the docket.

About a year later Mrs. Rudy and Mrs. Collins instituted this action attacking the judgment of partition on the ground that the commissioners intended to allot to Ramey only 90 acres and to Mrs. Rudy and Mrs. Collins 262 acres, but by the mistake of the commissioners

and the mistake of the surveyor, they as a matter of fact allotted to Ramey 105 acres and to Mrs. Rudy and Mrs. Collins only 247 acres, and that relying upon the representation that Ramey was to receive only 90 acres, no exceptions were filed to the commissioners' report.

All three of the commissioners testified that after considering the quantity and quality of the land, they first agreed to allot to Ramey 90 acres and to Mrs. Collins and Mrs. Rudy 262 acres, and fixed the dividing line between the two tracts on that basis. They did not intend to allot to Ramey 105 acres or to Mrs. Collins and Mrs. Rudy only 247 acres, and, in their opinion, such a division was not fair and equal. The attorneys for Mrs. Collins and Mrs. Rudy also testified that they were informed that Ramey was to receive only 90 acres, and they agreed to this division because of that representation, and had it not been for that representation, they would have filed exceptions to the commissioners' report. It also appears that Ramey and his counsel were informed of the fact that Ramey would receive under the agreed division about 105 acres instead of 90 acres. Ramey, however, testified that he would have filed exceptions to the report had he known that he was to receive only 90 acres. It was only because he received more than that that he failed to file exceptions. Ramey also introduced several witnesses who testified that in the division as made Ramey did not receive more than two-fifths of the value of the entire tract, and that the division was as near equal as it could possibly be made.

On final hearing the chancellor dismissed the petition of Mrs. Rudy and Mrs. Collins, and they appeal.

Counsel for appellee insist that the judgment below was correct because the original judgment partitioning the land, not having been set aside or reversed, is conclusive on the parties and not subject to collateral attack.

Section 518, Civil Code, provides:

"The court in which a judgment has been rendered shall have power, after the expiration of the term, to vacate or modify it:

"7. For unavoidable casualty or misfortune, preventing the party from appearing or defending."

The facts alleged and proved show that the commissioners intended to allot Ramey 90 acres and Mrs. Collins and Mrs. Rudy 262 acres, whereas, by mistake of the surveyor, they allotted Ramey 105 acres and Mrs.

Collins and Mrs. Rudy 247 acres. It also appears that the attorneys for Mrs. Rudy and Mrs. Collins were told that Ramey was to receive only 90 acres, and that Mrs. Rudy and Mrs. Collins were to receive 262 acres. On the faith of this information, and with the understanding that the partition was to be made on that basis, they not only failed to file any exceptions to the commissioners' report, but agreed to the partition made by the commissioners. Had the attorneys known of the mistake in the report they would have filed exceptions. We therefore conclude that the facts alleged and proved make out a case of unavoidable casualty or misfortune, preventing a party from appearing or defending, and that the mistake is so large that plaintiffs are entitled to relief.

However, as the action for partition was brought pursuant to Section 499, Civil Code, the court has no authority to partition the land or direct the commissioners how to make the division. Eakins v. Eakins, 112 Ky., 347, 65 S. W., 811; Garth v. Thompson, 110 Ky., 984, 63 S. W., 40. That being true, the partition should be set aside and new commissioners appointed to make proper partition.

Judgment reversed and cause remanded for proceedings consistent with this opinion.