## Long et al. v. Howard et al.

(Decided May 7, 1929.)

370

LEE & SNYDER for appellants.

FORESTER & CARTER for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming..

H. B. Howard and his wife, Jane Howard, conveyed to their six children three tracts of land located in Harlan county, which comprised all of their real property. The consideration expressed in the deed was love and affection, but in a separate contract the grantees agreed to care for, support, and serve the grantors in accordance with its terms, and commensurate with their needs. No

question of performance of the contract ever arose, and both of the grantors are now dead. One of the children, U. S. Howard, has acquired the interests in the land of all his brothers and sisters, except one, that of J. H. Howard. The appellant, Rosa Howard Long, inherited that interest as the only child of J. H. Howard, who predeceased his mother. This action was instituted in the Harlan county court by Rosa Howard Long and her husband against U. S. Howard and Lizzie Howard, to obtain a partition of the land. It was alleged in the petition that U. S. Howard held all the interests, except that of plaintiffs, but, as no deed from Lizzie Howard was of record, she was called upon to assert any interest she might have. The petition also alleged that Rosa Howard Long owned a right of way 20 feet wide across the property which had been conveyed to her father by her grandfather on August 8, 1911. The right of way afforded access to other property which she owned, and the prayer of her petition was that her one-sixth undivided interest be set apart and allotted to her adjacent to her other property.

A joint answer was filed by U. S. Howard and Lizzie Howard. U. S. Howard claimed five-sixths undivided interest in the land, and Lizzie Howard, who had taken care of her mother, claimed a lien on the interests of Rosa Howard Long, to secure the indebtedness of her father, J. H. Howard, for his proportion of the charge of caring for his mother. The amount claimed from Rosa Howard Long was $560, it appearing that all the other heirs had settled with Lizzie Howard. Rosa Howard Long admitted liability for the debt, and offered to confess judgments for $150, denying the reasonableness of anything in excess of that amount. The answer also questioned the validity of the deed for right of way. Its execution and delivery were denied, and it was affirmatively pleaded that the acceptance by J. H. Howard, jointly with his brothers and sisters, of the conveyance of the entire property, was a waiver of any claim under the right of way deed, and, further, that U. S. Howard had purchased the interests of his brothers and sisters in the property and paid valuable consideration therefor, without notice or knowledge or information that any such right of way was claimed or could be claimed. The reply traversed the affirmative matter of the answer, and a large amount of proof was taken by both parties. The case was transferred to the Harlan circuit court, where

it was adjudged that the plaintiff had a one-sixth undivided interest, the defendant, U. S. Howard, a five-sixths undivided interest, and commissioners were appointed to make a partition. The report of the commissioners does not appear in the record. The court also adjudged invalid, as to U. S. Howard, the deed for right of way, and adjudged Lizzie Howard a lien on the interest of Rosa Howard Long, to secure $350, which the court fixed as the fair share for J. H. Howard to pay for the support of his mother. Rosa Howard Long and her husband have appealed, insisting that the amount allowed Lizzie Howard is excessive, and that the right of way deed is valid.

It appears from the evidence that J. H. Howard first took care of his father and mother under the contract, and the other children contributed ratably to the expense. After the death of H. B. Howard, the arrangement was changed, and J. H. Howard ceased taking care of his mother, and that obligation was assumed by his sister, Lizzie Howard, who continued to care for and support her mother until her death, which occurred some seven years later. The other children paid their respective proportions of the obligation, but J. H. Howard died without making a settlement with his sister. It does not appear that this was through any unwillingness of Howard to pay his proportion of the expense, but there were numerous transactions among the children, and it was simply not given attention. His daughter does not dispute, but frankly admits the liability, raising only the question as to the proper amount to be paid.

It is insisted that, since Lizzie Howard married and lived with her mother, having the use of the home and farm, and as the old lady assisted in the performance of the household work, she paid substantially her own way, so that Lizzie Howard was entitled to no more than $150, which would pay for the last year of her mother's life, during which time she was sick and required especial attention.

There is much in the evidence to support the argument of appellant, but, on the other hand, there is an abundance of proof of the reasonableness of the amount fixed by the chancellor. As is usual in such cases, the witnesses disagreed both as to what was done and what would constitute reasonable compensation therefor, but, in view of the sharp conflict in the evidence, and the admitted circumstances, we are not convinced that the judg-

ment of the chancellor was wrong. The amount allowed corresponded virtually with the rate of compensation allowed appellant's father for similar services rendered to his parents. If, upon a consideration of the whole record, the mind remains in doubt, the finding of the chancellor is accepted. Holcomb v. Potter, 222 Ky. 798, 2 S. W. (2d) 642.

The right of way deed was executed August 18, 1911, but was not recorded until September 22, 1923. The children, except J. H. Howard, were not informed of the execution of that deed. When the father and mother arranged to convey the property to the six children, nothing was said about the right of way deed. It was apparently forgotten, so the deed of September 4, 1914, conveying all the property to the six children, made no mention of a previous conveyance of right of way to J. H. Howard. It is insisted in support of the judgment that the acceptance of the later deed for a one-sixth undivided interest was inconsistent with the rights granted by the right of way deed, and superseded it. Hall v. Wright, 137 Ky. 48, 127 S. W. 516; Reeves v. Walker, 219 Ky. 616, 294 S. W. 183. These authorities sustain the proposition that the acceptance by a vendee of a later deed, inconsistent with an earlier one, vacates and nullifies the first. But the essential element of inconsistency between the two deeds must appear. We see no inconsistency between the deed granting a right of way over the whole property and the later deed conveying a one-sixth undivided interest therein. Both rights could readily exist at the same time, and there is nothing incompatible in claiming under both deeds.

So far as the execution and delivery of the deed is concerned, the proof is sufficient, as the deed was found in the possession of the grantee, appears to be regular in form, was duly acknowledged and certified, and there is no proof of any fraud, concealment, or mistake. An unrecorded deed, although good as between the parties and as against persons claiming under them, is invalid as to purchasers without notice. Section 496, Kentucky Statutes. It is the position of U. S. Howard that he purchased and paid for the property without notice or knowledge of the claim now asserted. The appellant questions the sufficiency of the answer to present that issue. It is said that the averment of the answer, to the effect that U. S. Howard is an innocent purchaser, is but a conclusion of the pleader. Wing v. Hayden, 10 Bush, 276.

A good pleading upon this subject must include all of those particulars which are necessary to constitute a bona fide purchase. It should state the consideration which must appear from the averment to be valuable within the meaning of the rules upon that subject, and should show that it has been paid. It should negative in a positive manner the fact of notice or knowledge. Deskins v. Big Sandy Co., 121 Ky. 601, 89 S. W. 695, 28 Ky. Law Rep. 565. The answer in this case contains more than a mere declaration that U. S. Howard was an innocent purchaser of the land. It avers that he was an innocent purchaser of the land for a valuable consideration and had no notice or knowledge of the existence of the alleged deed until after he had purchased and paid for the other interests in said land, five of which he now owns. There was no motion to amplify the pleading and the demurrer thereto was waived by the reply. The allegations of the answer were traversed, and the proof introduced shows without contradiction that U. S. Howard had purchased, for substantial considerations, four outstanding interests, and had paid for them without notice of the right of way deed. As to the one-sixth interest conveyed to him by his father, it is said that U. S. Howard was not an innocent purchaser, because it was a mere arrangement to anticipate his inheritance from his father; but the argument overlooks the contract for the support of the old people, which was obligatory and constituted a valuable consideration, involving substantial payments from time to time, and all of which were made before notice of the right of way deed was acquired.

In view of the entire record, we are satisfied that U. S. Howard purchased and paid for all the land held by him without notice or knowledge of the right of way deed. It is therefore invalid as to him. Section 496, Kentucky Statutes.

It may be that this matter will be rendered unimportant by a division as prayed in the petition, alloting to the appellant her one-sixth of the land next to her other land. Obviously this should be done, unless some insuperable obstacle is interposed.

The judgment is affirmed