# Howard v. Long et al.

(Decided May 12, 1931.)

J. S. FORESTER for appellant.

B. M. LEE for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

This is a second appeal of this case, Long v. Howard et al., 229 Ky. 369, 17 S. W. (2d) 207. One issue involved on the former appeal was the validity of a deed to a certain right of way 20 feet wide claimed by Rosa Howard Long over the property sought in the action to be partitioned, which had been conveyed to her father by her grandfather on August 8, 1911. It afforded access to other property which she owned. She sought in the division to have allotted her one-sixth undivided interest in the land adjacent to other property which she owned, and to have declared a right of way to the land, so as to use it with her adjacent land. The deed under which the 20-foot right of way was asserted was held invalid. On a return of the case to the circuit court, the commissioners who had been previously appointed by an order of court went upon the land in pursuance to an order of court and divided it between Rosa Howard Long and U. S. Howard. A map was prepared by them and filed with their written report of the division, which shows how the land had been divided, and the location by them of a passway on the part they set aside to U. S. Howard. Tract No. 1, containing 16.4 acres, by their report was allotted to Rosa Howard Long. Tract No. 2, comprising 73.6 acres, was allotted to U. S. Howard. "A right of way not exceeding twenty feet through Tract No. 2 (tract allotted to U. S. Howard), below, up the Jacob Howard

Branch from the road to the land of Rosa Howard Long, which lies on the north of said tract No. 2," was reported by the commissioners for use of the land of Rosa Howard Long. To this report he filed written exceptions which were overruled. The report of the commissioners was confirmed by the court, and it was further adjudged that this right of way was "proper and necessary for the use of Rosa Howard Long, and not prejudicial to the rights of U. S. Howard." The master commissioner was directed to execute and deliver deeds conveying to the parties the respective land allotted to them by the commissioners' report and to Rosa Howard Long the right of way over the land of U. S. Howard. U. S. Howard excepted and prayed an appeal.

The equitable rule is to lay off a portion to each cotenant adjoining the lands owned by him, if this can be done without material injury to the other cotenants, or, if this cannot be done, then so to allot the lands as to serve best the convenience of all the parties. Prewitt etc., v. Hurt, 178 Ky. 526, 199 S. W. 33. On the former appeal, 17 S. W. (2d) 207, 210, we said: "Obviously this should be done, unless some insuperable obstacle is interposed." It appears that this admonition was followed by the commissioners. Two distinct and different proceedings are authorized by section 499 of the Civil Code of Practice, for the partitioning and dividing land among cotenants and coparceners. One is by the filing in the circuit court or county court a petition, containing a description of the land, a statement of the names of those having an interest in it, the amount of each interest, with a prayer for a division. Upon such petition by all of the interested parties, or upon the service of a summons on all who have an interest in the property, the court may order a division according to the rights of the parties. The court is required to appoint three competent persons as commissioners to make the partition. The commissioners are required to be sworn, and it is their duty to survey and allot to the parties their respective interest in the land, having due regard to the rights of the interested parties, and make report thereof to the court, which it may either confirm, set aside, or remand to such commissioners for correction. Civil Code of Practice, sec. 499 and subsections.

In such proceeding the court tries the case as an ordinary action without the intervention of a jury. Subsection 10 of section 499. supra. In such proceeding the

court has no authority to partition the land or to direct the commissioners how to make the division. The court may act on their own report as above indicated. Eakins v. Eakins, 112 Ky. 347, 65 S. W. 811, 23 Ky. Law Rep. 1637; Garth v. Thompson, 110 Ky. 984, 63 S. W. 40, 23 Ky. Law Rep. 403.

The other proceeding authorized or permitted by subsection 16 of section 499, supra, is an action in equity. In such action the parties may make by their pleadings whatever issues appertaining to the division of the land they may deem best and proper for their respective interests, and the court shall try and dispose of such issues as in any other equitable action. It may therein adjudge the rights of the parties as to taxes, rents, improvements, owelty, and reasonable easements, including streets, alleys, or other roadways as may be authorized by the pleadings, commensurate with the proven facts, according to established principles of equity. The present action is one in equity. The roadway embraced by the deed which we held invalid as against U. S. Howard was originally in issue. No issue was made in the pleadings of the parties or decided by the court as to any other road. The judgment directing the commissioners to divide the land between the appellant and appellees did not direct or authorize them to allot the 20-foot passway as appurtenant to the land allotted to Rosa Howard Long, on or over the land allotted to U. S. Howard.

It was the duty of the commissioners to divide and allot the land as directed by the judgment between the appellant and the appellee, giving to one a share of one-sixth and to other a share of five-sixths, equal in value, its nature, quality, and quantity considered. Arnett et al. v. Deem et al., 187 Ky. 691, 220 S. W. 725. In the absence of a judgment of the court predicated upon an issue made by the parties in their pleadings, sustained by the evidence, directing the establishment of the passway on or over the land of the appellant or the appellee and an easement appurtenant to his or her share, the commissioners were without authority so to create and establish such passway. It was their duty to execute the judgment of the court, having due regard to the interest of the parties, and to survey and allot to them their respective interest in the land and make report thereof to the court. Subsections 4 and 6, sec. 499, Civil Code of Practice.

The appellant and appellee were entitled only to such easement, if any, as existed and as was appurtenant to and in use at that time, on or over the land divided, and it was the duty of the commissioners, in dividing it, to recognize only such existing easement, if any. It would have been proper for them to have provided in their report that any such existing easement appurtenant to any particular parcel of land passed with the purpart to each of the parties. O'Daniel v. Baxter, etc., 112 Ky. 334, 65 S. W. 805, 23 Ky. Law Rep. 1630; Muir v. Cox, etc., 110 Ky. 560, 62 S. W. 723, 23 Ky. Law Rep. 6. Such easement as was reasonably necessary for the enjoyment of the land would pass by implication as appurtenant to the land allotted as a way of necessity. Brown v. Burkenmeyer, 9 Dana, 159, 33 Am. Dec. 541; Thomas v. Bertram, 4 Bush, 317; Morgan v. Morgan, 205 Ky. 545, 266 S. W. 35; Standard Elkhorn Coal Co. v. Moore, 217 Ky. 317, 289 S. W. 261; McCarty v. Blanton, 219 Ky. 450, 293 S. W. 958, and cases cited. An existing and appurtenant easement essential to the enjoyment of the land, on a division thereof, continues after its division or subdivision, whether originally established by the act of the parties or by commissioners of a court. McCarty v. Blanton, supra, and cases cited. But an easement for the benefit of a particular piece of land cannot be enlarged and extended by the owner thereof to other parcels of land adjoining or distinct tracts to which right is not attached, whether it was originally created by grant, reservation, prescription, or implication. Cleve v. Nairin, 204 Ky. 342, 264 S. W. 741; Higdon v. Nichols, 204 Ky. 56, 263 S. W. 665; Galloway v. Kelley et al., 215 Ky. 423, 285 S. W. 200; Perkins v. Jones et al., 215 Ky. 189, 284 S. W. 1031; Ky. Pipe Line Co. v. Hatfield, 223 Ky. 315, 3 S. W. (2d) 654.

The commissioners were without right, not only to create and establish the passway on the lands of U. S. Howard for the benefit of the land allotted to Rosa Howard Long, but were without right to confer on her the right to use such passway on his land for the benefit of her adjoining land. If a passway on his land already existed and was appurtenant to and necessary for the land allotted to her, she would be without right to use such passway, except in connection with the land allotted to her in the division to which it was so appurtenant. New Albany v. Williams, 126 Ind. 1, 25 N. E. 187; Kitchen v. Sheets, 1 Ind. 138.

In the case of Dyer v. Lowell, 30 Me. 217, the commissioners assigned the right to a passway on the land of one cotenant for the use of the other, with the right to drive logs over and use a dam. The court held this they could not legally do.

The report of the commissioners was subject to exception on the ground that they had exceeded their authority in attempting to establish a passway on the lands of U. S. Howard for the use and benefit of the lands of Rosa Howard Long. Beatty v. Beatty, 5 S. W. 771, 10 Ky. Law Rep. 72. On a return of the case, if the appellee is willing to accept the allotment as made by the commissioners without the passway, by her consent this may be done, otherwise the appellant's exception to the commissioners' report should be sustained.

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.