## Laferty et al. v. Robinson.

(Decided December 15, 1931.)

J. WOODWARD HOWARD and W. P. MAYO for appellants.

C. B. WHEELER for appellee.

Opinion of the Court by Chief Justice Dietzman
—Affirming.

By this equitable action, the appellee sought to have assigned to her dower in a tract of land acquired by her husband after they were married and later conveyed by him by a deed which, although she signed and acknowledged it, nowhere in its body contained her name as a grantor or otherwise, or expressed any purpose on her part to release or convey her right of dower. By her petition, she averred that she had not joined in the deed conveying this property, for which reason she was entitled, after the death of her husband, to her dower. The answer of the appellant, the present owner of the land, and the grantee of the grantee of appellee's husband, was in two paragraphs. It first denied that appellee had not joined in her husband's deed and that her signature to the deed did not release her dower. By the second paragraph, appellant averred that he took the land without notice of appellee's inchoate right to dower. A reply made up the issues. The action coming on to be heard, appellee introduced the deed of her husband in question and gave her deposition which amounted to but little more than what the deed showed on its own face. Upon this proof, the case was submitted and the court adjudged that appellee was entitled to the dower she asked. From this judgment, this appeal is prosecuted.

Many defenses to the appellee's claim of dower are relied upon by the appellant in his brief, but none of them was set up as a defense in his pleadings and, of course, cannot be considered. The only issues presented by the pleadings were whether or not appellee had by her husband's deed conveyed away her inchoate right of dower and whether or not the appellant took his title without notice of appellee's claim. The deed in question forms a part of appellant's claim of title and was of record, and it is not now even argued in this court that appellant took the land without at least constructive notice of this deed. This deed, carrying notice to appellant that the grantor therein was a married man, showed on its face that it did not convey, relinquish or release any estate that appellee had in the land. Hatcher v. Andrews, 5 Bush, 561; Prather v. McDowell, 8 Bush, 46; Buford's Adm'r v. Guthrie, 14 Bush, 690; Beverly v. Waller, 115 Ky. 596, 74 S. W. 264, 24 Ky. Law Rep. 2505,

103 Am. St. Rep. 342. Hence, on the issues as made, there was nothing for the court to do but to adjudge appellee the dower she sought. In allotting the dower, the court ordered that in laying it off the commissioners should include in it, as far as they could, the dwelling house, garden, and orchard. There was no error in this. In Howard v. Long, 238 Ky. 822, 38 S. W. (2d) 951, we pointed out how in an equitable action for partition or allotment of dower authorized by sub-section 16 of section 499 of the Civil Code of Practice, the court may direct the commissioners as to the character of division they should make. The instant action is such an equitable action, and the court had a discretion in directing how the allotment of dower should be made. It does not appear that such discretion was abused in this case.

The judgment of the lower court being in accord with these views, it is affirmed.