# Kirk et al. v. Maynard.

Oct. 24, 1944.

W. R. McCoy for appellant.

J. L. Harrington for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

In a suit to settle the estate of J. D. Kirk, deceased, commissioners were appointed to partition the lands owned jointly by G. D. Maynard and the heirs of J. D. Kirk. Maynard was a defendant in the settlement suit. The Kirk heirs filed exceptions to the commissioners' report, their exceptions were overruled, the report was confirmed, and the master commissioner of the Martin circuit court was directed to execute a deed to G. D. Maynard for the land allotted to him. The Kirk heirs have appealed.

J. D. Kirk and G. D. Maynard owned jointly ten tracts of land in Martin and Lawrence counties. These

tracts ranged in size from 26 acres to approximately 1,000 acres. J. D. Kirk left a widow and fourteen children. Roscoe Kirk, one of the children, purchased three interests, making him the owner of a 4-14 interest in his father's estate subject to the widow's dower. The judgment in the settlement suit, after disposing of several questions not involved here, contains the following:

"The allegations of the plaintiffs' petition for the partition of the surface of the hereinafter described lands is taken as confessed.

"It is therefore adjudged by the court that the surface of the following described tracts of land be partitioned and that W. R. Richmond, J. R. Triplet and Edgar Cassell be and are hereby appointed commissioners to partition the surface of said land who after being first duly sworn did proceed to partition said land as follows: 1st. They will allot to G. D. Maynard one-half of said tracts; that they will allot to Alwilda Allen 1-14 of the remaining 1-2 of said land, and to M. T. Kirk 1-14 of 1-2, to Jennie Algeo 1-14 of 1-2, to the heirs of Mary K. Ratliff jointly a 1-14 of a 1-2 undivided interest, to Roscoe Kirk 4-14 of 1-2, to Rosa James 1-14 of 1-2, Mae K. Preece 1-14 of 1-2, Frances K. Arnett 1-14 of 1-2, Inez K. Stepp 1-14 of 1-2, Jay Kirk 1-14 of a 1-2, to Mahala Kirk 1-14 of 1-2.

"It is further adjudged by the court that the 4-14 interest of Roscoe Kirk be allotted to him adjoining and that G. D. Maynard's 1-2 be allotted to him in one continuous boundary, that is one continuous boundary in each tract."

The description of the various tracts is followed by this:

"The commissioners will divide said property as nearly equal as possible considering quantity and quality, and where it is practicable to do so lay off to G. D. Maynard his portion adjoining the lands he owns individually and also to the Kirk heirs where it is practicable to do so, lay off their portion adjoining any lands that they may own individually."

It appears that G. D. Maynard owned individually land adjoining some of the land owned by him and J. D. Kirk jointly, and that J. D. Kirk at the time of his death owned several tracts of land in which Maynard was not

interested. The three commissioners appointed to make the partition filed their report on September 21, 1943. The report reads in part:

"In obedience to a command set forth at a Special Term, 1st day, 16th day of July, 1942, directing the undersigned as Commissioners to partition the lands set forth in said judgment, we now wish to report as follows:

"After first duly qualifying, as the law directs.

"We observe that the first ten tracts described in said judgment are owned jointly by J. D. Kirk heirs and G. D. Maynard, and that the last three tracts described in said judgment are owned individually by J. D. Kirk heirs. Therefore we are submitting this report of a division of the first ten tracts described in said judgment. However, we kept in mind in making this division, a subdivision of the Kirk heirs' interest in connection with the three tracts they own individually.

"The surveying of these ten tracts was started August 9, 1943, and completed September 9, 1943. While making the survey we viewed said land as to quality and value and after compiling maps and calculations of same, we were able to figure on a basis of quantity, quality and value.

"We now submit three maps, Nos. A, B, and C, which will be referred to and made a part of this report.

"We allotted to J. D. Kirk heirs as a whole, tracts Nos. 1, 2, 3, 4, and 6, as appears on map C, filed herewith."

After describing these five tracts and three other tracts appearing on Map B allotted to the Kirk heirs, the report continues: "We allotted to G. D. Maynard Tracts Nos. 8 and 10, as described in said judgment. Same are shown upon Map A, heretofore filed." These two tracts adjoin and were surveyed and described as one tract. The description shows they adjoin other lands owned by G. D. Maynard. The eight tracts of land allotted to the Kirk heirs contain 1,686.8 acres, and the two tracts allotted to G. D. Maynard contain 959.5 acres.

On September 29, 1943, the Kirk heirs excepted to the report of the commissioners on the ground that the land allotted to them is inferior in quality and value to the land allotted to Maynard. They also excepted on

the ground that they were entitled to have each of the ten tracts partitioned. A response to the exceptions was filed, and on November 22, 1943, supplementary exceptions to the commissioners' report of partition were filed by the Kirk heirs. The supplementary exceptions were based on the ground that the commissioners had failed to follow the directions contained in the judgment. The supplementary exceptions contained this:

"That said partition, in so far as it applies to the lands owned jointly by the Kirks and G. D. Maynard, does not attempt to partition it in compliance with the judgment of the court; that said judgment directs the commissioners to first partition the lands jointly owned by Kirks and Maynard, allotting to Maynard one-half of each of said tracts."

No proof was introduced and the grounds set up in the original exceptions, namely, that the commissioners had failed to partition the land according to quantity, quality, and value and that the land alloted to Maynard exceeded in value the land alloted to the Kirk heirs, apparently were abandoned. Appellants ask for reversal of the judgment solely on the ground that the commissioners failed to comply with the judgment of the court.

From a reading of the two excerpts from the judgment heretofore quoted, it will be observed that the judgment is somewhat ambiguous. Obviously, it was the court's primary purpose that the land allotted to Maynard should adjoin the land owned by him if practicable, and that the land allotted to the Kirk heirs should adjoin other lands owned by them. The commissioners could not partition each tract and comply with this direction, but it appears that it was complied with by the partition as made by them. The direction in this respect contained in the judgment conforms to the equitable rule on the subject. As said in Howard v. Long, 238 Ky. 822, 38 S. W. 2d 951, 952: "The equitable rule is to lay off a portion to each cotenant adjoining the lands owned by him, if this can be done without material injury to the other cotenants, or, if this cannot be done, then so to allot the lands as to serve best the convenience of all the parties." In discussing the proceeding authorized by section 499 of the Civil Code of Practice for partitioning land among cotenants, this court, in Howard v. Long, supra, said:

"The court is required to appoint three competent persons as commissioners to make the partition. The commissioners are required to be sworn, and it is their duty to survey and allot to the parties their respective interest in the land, having due regard to the rights of the interested parties, and make report thereof to the court, which it may either confirm, set aside, or remand to such commissioners for correction. Civil Code of Practice, sec. 499 and subsections.

"In such proceeding the court tries the case as an ordinary action without the intervention of a jury. Subsection 10 of section 499, supra. In such proceeding the court has no authority to partition the land or to direct the commissioners how to make the division. The court may act on their own report as above indicated."

The pleadings are not made a part of the record, but it appears from the judgment that so much of the action as sought the partition of the jointly owned lands was a proceeding under the Code in accordance with the first method described in the opinion in Howard v. Long, supra. That being true, the court had authority only to direct the commissioners to make the partition having due regard to the rights of all parties interested and to divide the property as nearly equal as possible, considering quantity, quality, and value. In Garth's Guardian v. Thompson, 110 Ky. 984, 63 S. W. 40, 41, it was said:

"We are clearly of opinion that in proceedings under section 499, Civil Code of Practice, the court has no power to make partition or specifically direct the commissioners how to make the division. That matter is committed to the commissioners, subject to approval of the court."

In any event we are of the opinion that the commissioners did not depart from the directions of the judgment when that judgment is read as a whole.

The judgment is affirmed.