# Boyers v. Boyers et al.

June 21, 1949.

R. W. Keenon, C. W. Swinford and Stoll, Keenon & Park for appellant.

Fred Lisanby for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

The parties named in the caption are brothers who jointly inherited from their mother, who died intestate in June 1934 a tract of land containing about 94 acres. In his petition plaintiff (Jake Boyers) alleged in substance that prior to the death of the mother she expressed a desire that the tract be divided between the two sons according to improvements and fertility of the soil, and that a fence be built so as to set apart to Willis a tract on the southeast side, and to Jake a tract on the northeast side. No fence was built during her lifetime.

The petition alleges that a division was made in accordance with the above plan; that the tract is susceptible of division without improvement and asserting that the division was equitable, the court was asked to appoint commissioners to "divide the land accordingly," and execute deeds to the parties. An amended petition alleged that since the division each had used the tract set apart to him by the division fence. It was alleged that defendant now refuses to execute deeds as per the division, and prays as in his first petition.

At this point defendant answered, admitting facts

not subject to issue, but denying all allegations relating to any division or agreement to divide; that the fence was temporary, built only for the purpose of separation of stock and protection of crops. The answer alleges that "it would be grossly inequitable and unfair to divide the farm in accordance with the fence," because plaintiff would "get 12 acres more than defendant, and the portion of plaintiff is much more fertile." The prayer was for the appointment of commissioners to "divide the land in an equitable manner, and directed not to consider the fence in dividing the land, but to take into consideration only the fertility of the soil, and the fact that Jake Boyers had benefited by obtaining from Willis Boyers the tobacco base on his individual farm."

Plaintiff filed a second amended petition in which he alleges that since filing his original and first amended petitions, he has had the tracts surveyed, and describing each, alleges that defendant's tract contains 40.47 acres, and his tract 54.30, the fence representing the dividing line, and that each has had the occupancy of the separate tracts since the fence was erected. He alleges that during his occupancy he has made improvements on his part, and by these facts and the fertility of the soil the division was fair, and he again prays for appointment of commissioners to make division deeds according to the survey. This pleading brought from defendant an answer in general denial, and prayer as in his answer.

Proof was taken orally and upon submission the chancellor found the fence to represent a line fairly dividing the two tracts and following the description set up in the amended petition, allotted the 54.30 acre tract to plaintiff and the 40.47 tract to defendant. This judgment described the two tracts, and named three commissioners who were directed to make deeds according to the judgment. They later reported that they had done so, and they were approved by the court. The defendant objected and excepted to the judgment.

Much of appellee's brief is devoted to a showing that the division, according to the proof, was fair and equitable. Appellant's is to the contrary, his chief contention, however, is that the court did not have authority

to make the allotment and direct the commissioners to follow his conclusion.

Parties agree that the suit was instituted under Sec. 499, Civil Code of Practice, which provides the method and procedure for the allotment of dower and a division of jointly owned land. A proceeding for the purpose may be begun in either county or circuit court. After the provisions of subsections 1 and 2 have been complied with, the court appoints three commissioners to "make the partition, or allotment of dower, or both, having a due regard to the rights of all parties interested. * * * (6) They shall survey and allot to the parties their respective interests in the land, and make report thereof to the court; which may either confirm, set aside or remand the report to the commissioners for correction." If there be any controversion of the petition, the case is to be tried as an ordinary action, as this case was tried.

Counsel for appellee insists that the court was authorized to hear the proof and adjudge the rights of the parties; to allot the separate interests and direct the commissioners to make deeds according to his apportionment. In support appellee cites and relies on Howard v. Long, 238 Ky. 822, 827, 38 S. W. 2d 951, and Laferty v. Robinson, 241 Ky. 512, 44 S. W. 2d 524.

A reading of these cases and others manifests that we did not hold that if the case be tried in a court of equity, the provision for appointment and action by commissioners may be disregarded. In the Howard case it is noted that commissioners appointed in the original case, 229 Ky. 369, 17 S. W. 2d 207, had reported and included in the report the allotment of a passway to one of the parties. The court pointed out that there were two courses or procedure provided by Sec. 499, Civil Code of Practice, one where the proceeding was tried as an ordinary action, the other as an equitable action under subsection 16, Sec. 499 of the Civil Code of Practice. In the latter the parties may make issue by their pleadings and the court determines the issue as in any other equitable action. In the Howard case the issue was as to whether or not the reporting commissioners had allotted a roadway to one of the parties in interest, and the judgment of the court had not authorized them to allot

the questioned passway to one of the parties. We said (238 Ky. 822, 38 S. W. 2d 953):

"It was the duty of the commissioners to divide and allot the land as directed by the judgment between the appellant and the appellee, giving to one a share of one-sixth and to the other a share of five-sixth, equal in value, its nature, quality, and quantity considered. * * * the commissioners were without authority so to create and establish such passway. It was their duty to execute the judgment of the court, having due regard to the interest of the parties, and to survey and allot to them their respective interest in the land and make report thereof to the court. Subsections 4 and 6, sec. 499 Civil Code of Practice."

It is clear from this that while under Sec. 499, subsection 16, a court of equity has jurisdiction to make division or allotment, it must be done following action by the commissioners appointed and acting under the general provisions of Sec. 499, Civil Code of Practice. This is the construction given to that section and subsections 10 and 16 in Kirk v. Maynard, 298 Ky. 576, 183 S. W. 2d 547, in which we cited Garth's Guardian v. Thompson, 110 Ky. 984, 63 S. W. 40, 41, to which may be added Eakins v. Eakins, 112 Ky. 347, 65 S. W. 811.

The Laferty-Robinson case, supra (241 Ky. 512, 44 S. W. 2d 525), was an equitable action for allotment of dower. The court appointed commissioners and directed them to "include in it, as far as they could, the dwelling house, garden, and orchard." Citing the Howard-Long case as authority, we said that the court "may direct the commissioners as to the character of division they should make," but this admonition did not dispense with the necessity of action by appointed commissioners.

Both parties agree that the suit was instituted and practiced under the provisions of Sec. 499 of the Civil Code of Practice. It was tried as an ordinary action by the court without intervention of a jury. Evidently the plaintiff conceived that a suit to enforce an oral agreement to divide the land could not be proper. There could arise no question of adverse possession since the required period of time had not elapsed to claim by adverse possession. Both parties asked for the appointment of commissioners to make a division, one wanting

the division in one way, the other suggesting or demanding a different method. That the alleged agreement, orally made, was of no effect see Elkhorn Coal Corp. v. Tackett, 261 Ky. 795, 88 S. W. 2d 943; White's Adm'r v. O'Bannon, 86 Ky. 93, 5 S. W. 346; Conley v. Mayo, 157 Ky. 445, 163 S. W. 243, some of which deal with the question of adverse possession.

We are of the opinion that the court should have directed the commissioners to pursue the course laid down in Sec. 499, Civil Code of Practice, under such admonitions as are suggested in the cases above cited, and for this reason the judgment must be reversed and remanded for proceedings consistent herewith. Any questions discussed in briefs and not herein decided are reserved.