TERENCE O'BRIEN *vs.* ELLEN F. KEEFE & another.

Essex.    November 8, 1899. — February 28, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Equity Practice — Master's Report — Exceptions — Evidence.*

The only purpose served by exceptions to a master's report in equity is taking an appeal to rulings made by him. The statement of what rulings were made by the master must appear in his report or otherwise on the record of the cause, and any statement of them in the exceptions will be disregarded as impertinent.

If exceptions are taken to rulings alleged to have been made by a master in a cause heard by him under a decree directing him to hear the cause and find the facts, and the record does not disclose that the rulings alleged to have been made were made by the master, the exceptions must be overruled.

If testimony identifying a witness as the person who was convicted of a crime, the details of which are stated, is admitted *de bene* by a master at the hearing before him, on the counsel introducing the testimony stating that he expects to introduce a record of the witness's conviction of the crime in question, and such record is not produced and no motion is made to have the testimony ruled out, and the master, in a supplemental report made under an order recommitting the cause to him and directing him to state what action he took as to this evidence, states that, in considering the evidence in the case, he treated this testimony as if it had been ruled out, and that neither counsel referred to it in the argument of the case in which they discussed the weight of the witness's testimony and his character, an exception taken to the admission of the evidence *de bene* is properly overruled.

At a hearing before a master, the chief of police of a town was summoned as a witness for the purpose of procuring the records of a trial justice which were not forthcoming. On his testifying to his ignorance of the records, he was asked, "Have you got any papers with you?" and he testified, "that he had his day-book." He was then asked if he had known a certain witness for a good many years, and he testified that he had known him "quite a number of years." This was objected to. The master, in the supplemental report mentioned above, stated that this testimony, together with the testimony as to the identity of the witness, was not considered by him or referred to in argument, and was treated as ruled out. *Held*, that the plaintiff did not show that he was prejudiced by the admission of the testimony.

It is proper for a master in equity to whom a cause has been recommitted as stated above, to state in a supplemental report that he treated certain evidence as ruled out which was admitted *de bene* and not subsequently made good, and which the objecting party neglected to move should be ruled out.

BILL IN EQUITY, filed in the Superior Court, to have a trust declared for the benefit of the plaintiff in certain property devised by his father to the first named defendant. The case was referred to a master, and afterwards was recommitted to him. A decree was entered, overruling the plaintiff's exceptions to the original and supplemental reports of the master, confirming the reports, and dismissing the bill; and from the order of recommittal and the decree the plaintiff appealed to this court. The facts appear in the opinion.

*F. H. Tarr*, for the plaintiff.

*H. P. Moulton & C. A. Russell*, for the defendants.

LORING, J. This case comes up on two appeals taken by the plaintiff one from an order of the Superior Court recommitting the cause to the master to whom it was originally sent, and the other from a decree overruling exceptions to the master's original and supplemental reports. The plaintiff has undertaken to present to this court questions as to the admission and rejection of testimony offered at the original hearings before the master, questions as to the refusal of the master to incorporate in a supplemental report certain alleged facts, and to strike out from that report certain statements contained therein. The way in which these questions are presented is by a paper drawn up as a bill of exceptions is drawn up at law, stating the rulings of the master, the evidence on which they were based, the grounds taken by the plaintiff in objecting thereto, and concluding with the statement that the plaintiff is aggrieved and with a prayer that his exceptions be allowed. The plaintiff evidently supposed that exceptions to a master's report in equity and a bill of exceptions in an action at law were one and the same thing and served the same purpose; while the fact is that they are quite different things and serve widely different purposes.

Bills of exception in actions at law were introduced by statute (13 Edw. I. c. 31) for the sole purpose of incorporating into the record rulings made by the judge while presiding at the trial of the cause; at common law these were no part of that record.

The sole purpose served by an exception to a master's report in equity is to take an appeal from a ruling, which is stated in the record of the suit in equity, to wit, the master's report. The bill of exceptions at law is an addition to the record, and when the record was thus completed, the appeal was originally taken by suing out of the appellate court a writ of error, bringing the record, including the bill of exceptions, before the appellate court for revision ; and such was the practice in Massachusetts, until the present statutory process of entering the exceptions in the appellate court was instituted by St. 1820, c. 79. For an early case in Massachusetts where a bill of exceptions was sealed in the Court of Common Pleas, under Statute Westminster 2, 13 Edw. I. c. 31, and the question so spread upon the record was carried to this court by writ of error, see *Cogswell* v. *Dolliver*, 2 Mass. 217. An exception to a master's report in equity serves the same purpose as that formerly served by the writ of error and now served by entering a bill of exceptions under the statute; it is the act of appealing from rulings appearing of record, and nothing more. It ought not to contain any statement of what those rulings are, and any such statement incorporated in an exception to a master's report in equity must be disregarded as impertinent.

In the case at bar, the master states in his report: " I settled the foregoing draft of my report, which being read to the counsel, they made no objections to the report of the evidence, but the plaintiff made, then and there, the same objections to my admission and refusal to admit evidence offered by them at the hearing which they made at the hearing, which are stated in the report of the evidence." The report of the evidence has not been printed, and in the absence of that portion of the record, few of the exceptions taken by the plaintiff would present to this court any question were it not that in the order recommitting the cause to the master, the Superior Court refers to " the questions objected to and excepted to by the plaintiff, as the same appear in the bill of exceptions of the plaintiff, and numbered 3, 4, 5, 6, and 7." We think that we must take this action of the Superior Court, which had before it the report of the evidence containing a statement of the rulings made by the master, as an adoption by it of the plaintiff's

statement of what the master's rulings were, and we shall treat it as such.

1. Exceptions 3, 4, 5, and 6 are exceptions taken to questions put by the defendants on the cross-examination of John E. Sullivan. John E. Sullivan was the principal witness for the plaintiff, and especial importance attaches to the admission of these questions, because the issue between the parties depended upon the credibility of the witnesses on the one side and on the other. On his cross-examination, against the objection of the plaintiff, the defendants were allowed to ask Sullivan if he was the Sullivan (1) who was convicted of being drunk about July 16, 1887 ; (2) who some time after was arrested by Mr. Savage and fined for an assault; (3) who was arrested for indecently exposing his person, and tried and convicted; (4) who was fined for being a common drunkard, upon which he was committed to Salem jail. The plaintiff objected that until the court record was produced, such questions could not be asked, and stated that there were no such records, that the defendants knew there were no such records, and asked the questions for the sole purpose of confusing and discrediting the witness.

Upon the first hearing upon the plaintiff's exceptions to the master's report, the cause was recommitted to the master to state what action he took in regard to the admission of this testimony and that of James W. Bradley, the chief of police, as set forth in exceptions 3, 4, 5, 6, and 7.

Two so-called supplemental reports of the master have been printed in the record, each without date ; we infer that the first is the draft report, (which is no part of the record of the suit and should not have been signed or filed,) and that the second, in the order of printing, is the master's supplemental report. A statement with respect to this evidence is made in both reports, and, though they are not identical, they do not differ in substance. In the last report, the master states: "The defendants' counsel said he was informed and believed there were such records and he would produce them and put them in. I admitted the evidence, understanding that unless the records of conviction were produced and put in evidence, the testimony would not be used and would be stricken out. The testimony of James W. Bradley was admitted some time after

the plaintiff's counsel had stated that he had made search for the records of the trial justice at Rockport and could not find any of his records, and said to the defendants' counsel that he might make any search or inquiry about these records that he thought best, but I did not find that plaintiff waived any rights by this offer. The defendants did produce a record of the conviction of said Sullivan for an assault and his commitment to the House of Correction in 1886, and put the same in evidence, but not the one inquired about as set forth in the plaintiff's bill of exceptions. The defendants failed to produce the records of conviction in the cases named in the plaintiff's exceptions, and neither party called the master's attention to this testimony before the case was closed, and this testimony was not formally stricken from the record. Counsel for the plaintiff and defendants, in their arguments of the case, discussed the weight of John E. Sullivan's testimony, and his character, but neither of them alluded to the evidence objected to by the plaintiff as set forth in his exceptions numbered 3, 4, 5, 6, and 7. In preparing my report on file in this case, I considered all this testimony which was not supported by the records as though it was stricken out of the case, and did not use or consider it in preparing my report."

It was within the discretion of the master, in determining the order in which the evidence should be introduced, to allow the defendants, upon their counsel stating that he expected to introduce the records of the witness's conviction, to interrogate the witness *de bene* as to whether he was the Sullivan described in the record to be subsequently put in evidence, and it was the right of the plaintiff, upon the defendants' failing to produce the record, to have that testimony so admitted *de bene* ruled out. In the case at bar, no motion to that effect was made by the plaintiff, and the master states that, in considering the testimony, he treated the evidence as if it had been ruled out and that neither counsel referred to this evidence in their arguments of the case, in which they discussed the weight of Sullivan's testimony, and his character.

Such questions as were put to Sullivan may well have confused him, and in this case, which depended upon the credibility of the witnesses on one side or the other, the plaintiff may

have been injured by the direction thus given by the master in passing upon the order in which the evidence should be introduced ; but the possibility of testimony admitted *de bene* not being subsequently made competent is one of the considerations to be passed upon by the presiding magistrate in determining whether to admit such evidence at the time it is offered or not; and it is necessary, in the conduct of trials, that such discretion should be exercised ; if evidence admitted *de bene* is not subsequently made good, the only remedy that can be given is, on the proper application being subsequently made, to rule out the testimony. Whether, in such a case, the party, who produces the witness whose testimony has been confused, or the party who has undertaken to assert that the witness is not to be believed because he is a criminal, and it turns out that that assertion is unfounded, is the greater sufferer, is open to question ; if he has suffered an injury, it is one inherent in the trial of causes and it is well settled, when such evidence is admitted in a jury trial, that the objecting party cannot be heard to complain, if the evidence is ruled out and the jury are instructed to disregard it. *Smith* v. *Whitman*, 6 Allen, 562. *Selkirk* v. *Cobb*, 13 Gray, 313. *Whitney* v. *Bayley*, 4 Allen, 173. *Commonwealth* v. *Ham*, 150 Mass. 122. So in a hearing before a master, if the testimony is ruled out, it is the duty of the master to disregard it; and a master in chancery, being a person learned in the law, must be taken to disregard evidence thus ruled out, and the objecting party cannot be heard to complain. In the case at bar, the evidence was not formally ruled out, because the plaintiff did not ask to have that done, and, in the absence of such a request on the part of the plaintiff, it was proper for the master to report to the court how the evidence was treated by him. As to the plaintiff's particular complaint that the master was no longer an unbiassed tribunal, the plaintiff had the opportunity of submitting the finding in favor of the defendants on the whole evidence to the Superior Court; and by his ninth exception he exercised that right and had his case heard by an unbiassed tribunal. It is true that the unbiassed tribunal did not hear the case as it would have heard it, had Sullivan not been confused by questions based on unfounded reflections on his character ; but whoever is the

greater sufferer from that, it is a misfortune — if it be a misfortune — necessarily incident to the conduct of trials by human agencies.

We are, therefore, of opinion that exceptions 3, 4, 5, and 6 were properly overruled.

2. The next exception is to the testimony of the chief of police of Rockport, who was asked whether there were any records about Sullivan and testified that he did not know whether there were any court records. He was thereupon asked, " Have you got any papers with you ? " and he testified, " I have got my day-book that I used to keep." He was then asked whether he had known Sullivan for a good many years, to which he replied, " Quite a number of years." The plaintiff, in his bill of exceptions, states that he excepted to the admission of this testimony on the grounds on which he excepted to the questions asked Sullivan on cross-examination, and on the " further ground that this was an attempt to prejudice the court against the witness and to affect his credibility by testimony that the chief of police had private records in his day-book concerning the witness, in place of the proof of records required by law." It is a fair inference from the master's supplemental report, already quoted, that the purpose of these questions to the chief of police as to the records was an effort to get the court records which it appears from the master's supplemental report could not be found. Why the defendants asked the chief of police, when they found that the latter had no records, if he had known Sullivan for a good many years ; and why he was allowed to answer that he had known him quite a number of years, — is not explained by the fact that the defendants were trying to get the records of the court. But in view of the fact that this testimony was not considered by the master or referred to in the argument and was treated as ruled out, and of the further fact that the witness had been convicted of an assault and committed to the house of correction, we do not think that he was prejudiced by its admission.

3. There is nothing before this Court showing in what the rulings of the master consisted which were excepted to by the defendants in the first, second, eighth, and ninth exceptions to the master's original report and in the first, second, and third excep-

tions to his supplemental report.* If the master did make the rulings stated in the defendants' first, second, and eighth exceptions to the original report, we think that the rulings were right. If it be true (1) that the master made the statement set forth in the plaintiff's first exception to the supplemental report, and (2) that the defendants' counsel did address to the master, at the hearing under the order recommitting the cause to the master, the argument set forth in the second exception to that report, and (3) that the law underlying the suit was argued at that hearing and was considered by the master in making his supplemental report, the remedy of the plaintiff was to reargue

---

* The first exception to the original report was to the exclusion of evidence offered by the plaintiff to show that he had paid certain bills for taxes, repairs, and improvements on the property in question.

The second exception was to the admission in evidence of a portion of a letter written by the plaintiff to the defendant, and identified by the plaintiff, on cross-examination, as being in his handwriting.

The eighth exception was to the exclusion of evidence offered by the plaintiff to show that during the time when the defendant claimed to have been supporting the testator, the latter was trying to hire money of the defendant's husband for the purpose of supporting himself.

The ninth exception was on the ground that the master's findings were against the evidence and the weight of the evidence.

The first exception to the supplemental report was to the refusal of the master to insert therein "the following finding of fact, namely, that the master had stated to counsel, after filing his finding, that he considered John E. Sullivan a truthful witness, and all the other witnesses in the case truthful, and that the ground of his decision did not render it necessary to find any one guilty of untruthfulness, and that said statements were, as a matter of fact, true."

The second exception was to the master's refusal to insert in the supplemental report "the following finding of facts, namely, that the counsel for the defendants addressed to the master at the supplementary hearing an argument substantially as follows: That the answers of the witness Sullivan to the questions objected to (Exceptions 3, 4, 5, 6) were shuffling and stumbling answers, that there was nothing in the case to show that these offences had not been committed by the witness, that it was unfortunate that the records had been lost, but it was not the fault of the defendant, and that no injustice was done by throwing out the testimony of said Sullivan as worthless and unreliable."

The third exception was to the master's refusal " to insert in his report the following finding of fact, namely, that counsel argued the law underlying this suit in equity before the master, and submitted briefs of the same for his examination."

the question of fact before the Superior Court on the report of the whole evidence ; and this, it would seem from the ninth exception to the master's original report, the plaintiff has done. These exceptions were properly overruled.

4. For the reasons already stated, we are of opinion that it was proper for the master, in his supplemental report, to state how he treated the testimony of Sullivan on cross-examination and the testimony given by the chief of police in direct examination ; this was the evidence previously spoken of by us, admitted *de bene,* which was not subsequently made good and which the plaintiff neglected to have stricken from the record. The fourth and fifth exceptions to.the master's supplemental report were properly overruled.*   Assertions of counsel are improperly added to each of these questions, and are not before this court.

The order of the Superior Court recommitting the cause to the master and the decree of that court overruling the plaintiff's exceptions to both reports of the master and dismissing the bill of complaint were correct.

Both appeals must be dismissed.   The decree of the Superior Court confirming the report of the master and dismissing the bill must be affirmed.

*Decree accordingly.*

---

* The fourth exception was to the master's refusal to strike from his report all statements therein as to his understanding and interpretation of the record.

The fifth exception was on the ground that the statement of the master in his report that he did not use or consider the evidence objected to and recited in exceptions numbered 3, 4, 5, 6, and 7, in preparing his report, was contrary to the record.