## Lashley v. Lashley.

(Decided November 18, 1924.)

## Appeal from Edmonson Circuit Court.

1. Covenants—Warrantor of Title Concluded by Judgment Ousting Subsequent Vendee.—Warrantor of title, notified of pendency of action against subsequent grantee and called on to defend title, is bound by judgment entered in subsequent action by ousted grantee against warrantor, in absence of fraud or collusion.

2. Fraud—Damage Essential.—Fraud without damage is not actionable.

3. Vendor and Purchaser—One Deceived as to Whom she was Selling Land Cannot Complain of Fraud.—A vendor, perfectly willing to sell property at price fixed, cannot complain that she was deceived as to whom she was selling land, in that she would not have sold it to real purchaser, who is suing for breach of warranty.

4. Covenants—Knowledge of Defect in Vendor's Title Does Not Affect Right to Recover for Breach of Warranty.—Knowledge on part of purchaser of land that vendor has no title does not affect his right to recover for breach of warranty.

5. Covenants—Mutual Mistake Must be Shown by Clear and Convincing Evidence.—Mutual mistake as to acreage in land conveyed, relied on as defense to action for breach of warranty, must be shown by clear and convincing evidence.

MILTON CLARK for appellant.

LOGAN & McCOMBS for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On February 20, 1918, Ella J. Lashley and her husband, James Lashley, for a consideration of $2,100.00, sold and conveyed by deed containing a covenant of general warranty to J. K. Vincent, a tract of land in Edmonson county purporting to contain 152¾ acres. On February 21, 1918, J. K. Vincent and wife sold and conveyed by deed, which also contained a covenant of general warranty, the same tract of land to Porter Lashley. Thereafter Ida Duval, a sister of Ella J. Lashley, brought suit in the Edmonson circuit court against Porter Lashley to recover a portion of the land. Porter Lashley apprised Ella Lashley of the pendency of the suit and notified her to defend the title, but she declined to do so. On final hearing Ida Duval was awarded $50.00 in damages and

adjudged to be the owner of the land described in her petition, which land included a portion of the land embraced in the deed from Ella J. Lashley and her husband to J. K. Vincent, and in the deed from J. K. Vincent to Porter Lashley.

After his ouster under the foregoing judgment in favor of Ida Duval, Porter Lashley brought this suit against Ella J. Lashley and her husband, and J. K. Vincent to recover for breach of warranty. On final hearing the petition was dismissed and Porter Lashley has appealed.

As the deeds from Ella J. Lashley to J. K. Vincent, and from J. K. Vincent to appellant embraced the land of which appellant was evicted by the judgment rendered in the action brought against him by Ida Duval, and Ella J. Lashley, the warrantor, was notified of the pendency of that action and called on to defend the title, and there was no showing that the judgment was obtained by fraud or collusion, she is concluded by the judgment, and appellant is entitled to damages for the breach of warranty, Davenport v. Muir, 3 J. J. Marsh. 310, 20 Am. Dec. 143; Burchett v. Blackburne, 198 Ky. 306, 248 S. W. 853, unless prevented by the defenses which we shall proceed to consider.

The first defense is that the conveyance was obtained by fraud. The basis of this claim is that she was unwilling to sell the land to appellant, who was a disagreeable and contentious person; that appellant knowing this fact entered into a fraudulent scheme by which J. K. Vincent was to purchase the property and convey it to him; and that she would not have sold the property to Vincent if she had known that he was purchasing it for appellant. From the earliest times it has been the settled rule that fraud without damage is not actionable. Hicks v. Wallace, 190 Ky. 287, 227 S. W. 293, 12 R. C. L. 239. Here, the vendor was perfectly willing to sell the property at the price fixed, and her only injury was her disappointment when she found that the purchaser was one whom she did not want to have the property. It is clear that the facts relied on did not constitute legal fraud, and therefore presented no defense.

Another defense is that both appellant and his agent, Vincent, knew at the time of their respective purchases that one of the liens in their deeds was not correct, and

that there was a shortage of acreage.    We have frequently ruled that knowledge on the part of the purchaser of the land that the vendor has no title does not affect his right to recover for a breach of warranty.  Helton v. Asher, 135 Ky. 751, 123 S. W. 285; Foxwell v. Justice, 191 Ky. 749, 231 S. W. 509; Bays and Wife v. J. F. and A. Blair, 199 Ky. 455, 251 S. W. 623.

The last contention is that the statement in the two deeds that the tract of land conveyed contained 152¾ acres was inserted by mistake.    It appears that the draftsman in preparing the deed from Ella J. Lashley to J. K. Vincent took the description from the deed by which Ella J. Lashley acquired the property, and the evidence is by no means clear and convincing that this was the result of a mutual mistake on the part of the parties to the transaction.

As appellee did not plead and prove any valid defense to the action, it follows that appellant was entitled to damages.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.