## Curd et al. v. Bethell et al.

(Decided Oct. 25, 1932.)

(Rehearing Denied March 24, 1933.)

(Common Law and Equity Division).

128

ROBERT C. SIMMONS and STEPHENS L. BLAKELY for appellants.

ROGERS & ROGERS for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Affirming.

On December 4, 1926, the appellee Paul L. Bethell acquired a parcel of land near Covington from Joserh Foltz and wife and subdivided it into city lots. On December 6, 1926, he reconveyed one of the lots with a dwelling thereon to Foltz and provided in the deed that the property should be restricted to residence purposes. It was also stipulated that:

> "Grantors guarantee that substantially the same restrictions will be included in all deeds of parcels adjoining Dixie Highway sold out of the property conveyed by grantees to grantors, and the grantees are hereby granted the right and privilege to enforce substantially the same restrictions as herein against all the property adjoining Dixie Highway in the proposed new subdivision or sold out of the property on said Dixie Highway conveyed to grantees by grantors."

In December, 1928, Bethell conveyed to the appellants, K. C. Curd and wife, one of those lots with a building containing a store and an apartment on it, for the consideration of $16,500, of which $2,500 was cash. This deed contained several restrictions on the use of the lot and was apparently a common form. But it was not restricted to residence purposes. On the contrary, that provision was eliminated except an incongruous reference to the minimum cost of a residence, which seems to have been inadvertently left in. Moreover, in the paragraph providing that the limitations and restrictions following were agreed to and made a part

of the consideration, this exception was written in, viz., "except that the lot herein conveyed may be used for business purposes."

In September, 1930, Curd and his wife filed suit against Bethell asking a rescission and cancellation of the deed, judgment for the cash consideration paid, and cancellation of the outstanding note. The basis of the suit was that when they purchased the property they were not aware of the agreements contained in the Foltz deed relative to the restrictions on other lots of the subdivision, including the one they had bought, and the right given Foltz to enforce the restrictions. It was alleged that knowledge thereof had been acquired when Foltz enjoined them from erecting a business house on another lot in the subdivision by invoking the covenants in his deed. It was charged that the provisions in plaintiffs' deed that they could use the premises for business purposes was a material and substantial inducement to them to purchase the property and they did purchase it in reliance thereon; that the provisions in the Foltz deed were fraudulently concealed from them by the defendants, who fraudulently persuaded and induced them to purchase their property and to pay the cash consideration and execute their note for the balance. There are other allegations in the petition as to demand and tender with the refusal on the part of defendants. It was alleged that plaintiffs had tried to sell the property, but that it could not be done except at a sacrifice of at least 50 per cent. of the price paid for it because of the fact that the restrictions in the Foltz deed had become generally known and prospective purchasers had been and were refusing to consider buying the property because of the existence of those restrictions.

The answer traversed the allegations of fraud, the construction put upon the covenant in the Foltz deed, the ignorance of the plaintiffs as to it, and averred that the deed was of record and the plaintiffs had notice of its contents by reason thereof. A second paragraph was made a cross-petition against Foltz and undertook to establish an estoppel upon his part ever to question the use of the property involved for business purposes. The third paragraph was a counterclaim for the deferred purchase money and the enforcement of the lien securing its payment.

The second paragraph was stricken upon the motion of Foltz. Demurrer to the petition was sustained and, plaintiffs declining to plead further, it was dismissed. Judgment was rendered on the counterclaim. The appeal is only from the dismissal of the petition.

The case is narrowed by the concession of counsel that a rescission of an executed contract of sale of real estate by the vendee in possession under a covenant of general warranty must rest upon proof of actual fraud on the part of the vendor, where, as here, all other grounds for rescission in such cases are absent. See English v. Thomasson, 82 Ky. 280; Towels v. Campbell, 204 Ky. 591, 264 S. W. 1107, 50 A. L. R. 175. The only question then is whether the allegations of fact in the pleadings show actual fraud on the part of the vendor in not disclosing to the vendee the fact that his previous deed to Foltz contained the stipulation quoted above. Of course, actual fraud may be committed by concealment or suppression of a fact. The gist of actionable fraud by misrepresentation is the producing of a false impression upon the mind of the other party with respect to a fact, and if that result be actually accomplished the means of accomplishing it are immaterial. Hicks v. Wallace, 190 Ky. 287, 227 S. W. 293; Brown v. Slaton, 172 Ky. 787, 189 S. W. 1130; Crescent Grocery Company v. Vick, 194 Ky. 727, 240 S. W. 388; Dennis v. Thompson, 240 Ky. 727, 43 S. W. (2d) 18; Black on Rescission, sec. 68. Fraud without damage is, of course, not actionable. Lashley v. Lashley, 205 Ky. 601, 266 S. W. 247. The essential elements of actionable fraud may be thus shortly stated: Representation, falsity, scienter, deception, injury.

Both the elements of misrepresentation or concealment of a material fact, and injury are absent here, the belief of the plaintiffs and perhaps prospective purchasers to the contrary notwithstanding. Let it be conceded, as appellants argue, that they were not chargeable with notice of the provisions in the Foltz deed granting him the right to enforce the restrictions promised to be placed in subsequent deeds, since that deed was not in their chain of title; and, further, that there were no circumstances requiring them to look up the Foltz deed; also, that the failure to disclose the fact of the presence of those stipulations in the Foltz deed was such actual, active fraud as would give the

right of rescission. Still the suit was not maintainable. There was and is no right in Foltz or others having similar grants in their deeds to interfere with the use of plaintiffs' lot for business purposes. The stipulation was this and this only: That Bethell promised and guaranteed Foltz to include the same restrictions limiting the use to residence purposes in all deeds to certain portions of the proposed new subdivision, of which that lot was a part, and that Foltz should have the right and privilege of enforcing those restrictions. But when it came to making the conveyance to plaintiffs that promise was not carried out. Not only was there no such restriction put in the deed, but, as is pointed out above, it expressly provided that the lot might be used for business purposes. There might be grounds for a quarrel between Bethell and Foltz, but there could be no quarrel between Foltz and the Curds. He could maintain no cause of action against them or their vendees. So the stipulation which the plaintiffs say it was a fraud to conceal was in no way applicable. It did not affect their lot and did not create a cloud over the property. That being so, there was no concealment of any fact affecting the property and no injury to plaintiffs; hence no ground for a rescission of the transaction was shown.

Wherefore the judgment is affirmed.

Whole court sitting.