## Long et al. v. Howard.

(Decided Oct. 30, 1934.)

B. M. LEE for appellants.

E. H. JOHNSON for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The parties to this suit have freely exercised their legal right to litigate each other, even though there is close kinship and the subject-matter appears to be of little financial value.

In 1924, Rosa Howard Long brought suit for the division of a 90-acre tract of land in which she owned a one-sixth interest. The judgment establishing her right to the partition, but denying the validity of a deed to a certain 20-foot roadway, was affirmed. Long v. Howard, 229 Ky. 369, 17 S. W. (2d) 207. Pending that appeal, commissioners appointed by the court proceeded to divide the property and awarded Mrs. Long 16.4 acres, and U. S. Howard 73.6, but encumbered with the passway in favor of Mrs. Long. This report was filed December 18, 1928. Howard's exceptions to that report were overruled. On appeal (Howard v. Long, 238 Ky. 822, 38 S. W. [2d] 951, 953), the judgment was reversed only upon the ground and to the extent that the commissioners had exceeded their authority in attempting to establish a passway. The opinion concludes:

"On a return of the case, if the appellee is willing to accept the allotment as made by the commissioners without the passway, by her consent this may be done, otherwise the appellant's exception to the commissioners' report should be sustained.

"Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion."

The mandate was duly filed and the case redocketed in October, 1931. At the same term Mrs. Long filed her waiver or disclaimer to the passway, and an order was entered noting it and sustaining the commissioners' report to that extent. Thus the case stood until May 2, 1933, when Howard filed additional exceptions to the report of the commissioners.

While the second appeal was pending in this court, on October 30, 1930, Howard filed a suit for a new trial,

under the provisions of section 518, Civil Code of Practice. He alleged fraud on the part of one of the commissioners, and further that the land could not be divided without materially impairing the value of each share therein, and asked a sale and division of the proceeds. A demurrer to the petition was overruled and an answer filed in September, 1931. The case thus stood until May, 1933, when a reply was filed. In July, 1934, judgment was rendered by a special judge consolidating this suit for a new trial with the old one and overruling Mrs. Long's motion to confirm the original commissioners' report, excluding that part which she had disclaimed. The defendant's exceptions to the report in its entirety were sustained and the prayer of his petition for a new trial was granted. The effect was to wipe the slate clean and to leave the original suit as it was filed ten years before. Objecting to having to start the litigation all over, Mrs. Long brings an appeal from that judgment.

The additional exceptions to the report of the commissioners do not appear to have any merit. No evidence was produced to support them and the special judge sustained the exceptions because the grounds were not controverted. This was error. Exceptions to an officer's report are for the purpose of taking an appeal from his findings. 21 C. J. 618; 10 R. C. L. 518; O'Brien v. Keefe, 175 Mass. 274, 56 N. E. 588. They are required to be specific but do not have to be controverted as a pleading. The burden is upon the exceptor to sustain his charges against the report. Beyond that error, the court was without authority to receive or consider additional exceptions. The case had been determined and the judgment affirmed by this court, with the exception as to the passway. When the disclaimer as to that was made, the case was ended and neither party had the right to reopen the record. The circuit court had no jurisdiction to review or set aside the judgment which had thus become final. Culver v. Lutz, 171 Ky. 691, 189 S. W. 240; Murphy v. Pinson, 231 Ky. 461, 21 S. W. (2d) 824; Noel's Adm'x v. Black's Adm'r, 244 Ky. 655, 51 S. W. (2d) 955.

Of course, Howard had the right to seek a new trial by his petition in equity, and that must be considered independently of his attempt to undo what had been done through the means of additional exceptions to the

commissioners' report. The ground of fraud alleged is that one of the commissioners at the time he was serving was indebted to Mrs. Long in the sum of $4,000 or more, and by reason thereof was an interested party in the affairs involved. It was further charged that he dominated one of the other commissioners and influenced him to agree to what he wanted done and thereby he fraudulently acted for and in behalf of the defendant, Mrs. Long, and, as the result, the partition was unfair and not according to quality and value. It is further alleged that he, the plaintiff, was absent from Kentucky when the commissioners were appointed and had no actual knowledge of the appointment, that he did not learn until after August, 1930, of the indebtedness referred to. The petition sets forth at some length a few facts and several conclusions as to the fraud alleged. The answer denied everything except the fact that the commissioner was indebted to the defendant. The original judgment and its affirmation was pleaded as res judicata. The disinterestedness and qualification of the commissioners were set up. Also, want of diligence on the part of plaintiff was alleged, in that he was represented at all times by counsel who had made no objection to the appointment nor exception to the fairness of the division except as to the passway. The reply filed a year later joined issue on these affirmative pleadings and attempted to avoid the plea of res judicata by alleging that since the rendition of the judgment, material changes had come about in the land involved. Notwithstanding that every allegation in the petition was denied, except the mere fact of the indebtedness of the commissioner to the defendant, the court, upon the pleadings only, awarded the plaintiff a new trial. The error is patent. The mere fact that the commissioner was indebted to one of the parties without more is not in itself conclusive evidence of fraud. It is a trite expression that fraud will not be presumed. The presumption is that of duty performed, of good faith and fair dealing. Dennis v. Thomson, 240 Ky. 727, 43 S. W. (2d) 18. Beyond that fact, the fairness of the partition of the land, except only as to the passway, was not questioned in the original suit and it was approved by the court. On this matter the case seems to be that should it be conceded one of the commissioners had acted fraudulently, the fact remains that it resulted in no damage. It is a long and well-estab-

lished rule that fraud without damage gives no rise to a cause of action. Hicks v. Wallace, 190 Ky. 287, 227 S. W. 293; Lashley v. Lashley, 205 Ky. 601, 266 S. W. 247; Curd v. Bethell, 248 Ky. 127, 58 S. W. (2d) 261.

The judgment is reversed with directions to enter judgment in the consolidated suits in accord with the conclusions herein expressed.