**DOWDY et al. v. HAWFIELD.**
**DOWDY et al. v. HAWFIELD et al.**

Nos. 10475, 10724.

United States Court of Appeals for the
District of Columbia Circuit.

Argued Nov. 16, 1950.

Decided March 1, 1951.

Luther Robinson Maddox, Washington,
D. C., for appellants.

Albert Brick, Washington, D. C., for appellees.

Before CLARK, WILBUR K. MILLER
and PRETTYMAN, Circuit Judges.

**CLARK, Circuit Judge.**

These two cases are appeals from orders of the United States District Court for the District of Columbia Circuit. No. 10,475 is an appeal from the order of the Probate Court denying appellants' motion to intervene and stay proceedings in the administration of the estate of Mary E. Ellyson. No. 10,724 is an appeal from a dismissal of the appellants' second amended complaint on a motion to dismiss filed by the appellees.

On March 4, 1947, the Probate Court entered its decree admitting to probate the last will and testament of Mary E. Ellyson, after trial by jury of the issues raised by caveat filed by these same appellants, wherein they charged the will was procured by fraud and undue influence. The issues were determined against the appellants and on appeal to this Court we affirmed the decree in Pollard v. Hawfield, 1948, 83 U.S. App.D.C. 374, 170 F.2d 170. Appellants petitioned for writ of certiorari to the United States Supreme Court, and the petition was denied in 1949, 336 U.S. 909, 69 S.Ct. 514, 93 L.Ed. 1073.

The appellants then filed the independent action (No. 10,724) on June 28, 1949, asking for damages and seeking to impeach the decree of March 4, 1947, which admitted the will to probate. An amended complaint was voluntarily filed by appellants on August 18, 1949, and it was dismissed on March 3, 1950, with leave to amend. On March 15, 1950, the second amended complaint was filed and on April 15, 1950, was dismissed by Judge Tamm without findings or opinion and without leave to amend. From this order the appeal in No. 10,724 is taken.

On July 14, 1949, the appellants filed a motion to intervene and stay the Probate proceedings. A copy of the complaint in the independent action was attached to the motion to intervene as the basis of the right of intervention. On July 30, 1949, the Probate Court denied the motion to intervene and stay proceedings, without findings of fact and on September 17, 1949, denied a motion for reconsideration and rehearing without oral argument. The appeal in No. 10,475 is taken from the order of July 30, 1949.

■ The appellant could not have filed a motion to vacate the final judgment as it would be barred by the one year limitation in Rule 60(b) Fed. Rules Civ.Proc. 28 U.S. C.A. But the latter part of the rule stipulates that, "This rule does not limit the power of a court to entertain an independent action * * * to set aside a judgment for fraud upon the court." The Supreme Court in United States v. Throckmorton, 1878, 98 U.S. 61, 25 L.Ed. 93, held that the fraud must be "extrinsic or collateral, to the matter tried by the first Court, and not to a fraud in the matter on which the decree was rendered." Josserand v. Taylor, 1946, 159 F.2d 249, 34 C.C.P.A., Patents, 824, affirmed this rule and in that case the Hazel-Atlas Glass Co. v. Hartford-Empire Co. case, 1944, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250, was held not to have changed the law.

■ There can be no doubt that the alleged fraud is of a purely intrinsic nature, as the appellants contend only that witnesses for the appellees perjured themselves. The jury believed the appellees witnesses and their decision was affirmed by this Court. The appellants had every opportunity to prove the alleged fraud in that suit. Public policy as announced in the Throckmorton case, supra, demands that there be an end to litigation and decrees that a final judgment shall not be set aside for intrinsic fraud. Consequently the appellants second amended complaint was properly dismissed.

■ The appellants in Case No. 10,475 contend that they should have been allowed to intervene as a matter of right or at least that it was an abuse of discretion to deny them leave to intervene. The law is well settled that one entitled to intervene as a matter of right under Rule 24(a) (3), F.R.C.P. "must have an interest in the subject matter of the litigation of such a nature that he will gain or lose by the direct legal operation of the judgment." Pure Oil Co. v. Ross, 7 Cir., 1948, 170 F.2d 651, 653. Such is not the case here. The appellants' interest in the estate was determined to be nothing in the former contest of the issues which are also presented in this case.

Rule 24(b) (2), F.R.C.P. allows permissive intervention "when an applicant's claim or defense and the main action have a question of law or fact in common". The appellants have no claim or defense, herein presented, which is in common with the main action; indeed they have no claim at all unless they succeed in impeaching the former decree in their independent action.

Affirmed.

PRETTYMAN, Circuit Judge, concurs in the result.