Argued April 1, affirmed May 7, 1953

## POTTER and HICKEY *v.* RUTHERFORD, Inc.

257 P. 2d 261

*William S. Fort* argued the cause for appellant. On the brief were Husband, Fort & Johnson, of Eugene.

*Richard L. Thwing,* of Cottage Grove, argued the cause and filed a brief for respondents.

Before WARNER, Acting Chief Justice, and ROSSMAN, LUSK, BRAND, TOOZE and PERRY, Justices.

PERRY, J.

This is a suit to recover a money judgment for work and labor performed pursuant to an oral agreement between the parties, whereby the plaintiffs were to fell and buck all standing timber upon 182.4 acres of land to be cleared as a right of way for U. S. highway No. 58.

Plaintiffs by their petition claimed they were originally to be paid at the rate of $100 per acre for their services. However, after they had felled and bucked the timber on 80.4 acres, the original agreement was modified, and as to the balance of 102 acres, they were to be paid at the rate of $55 per acre.

The portion of the defendant's answer pertinent to the question involved admits an agreement for plaintiffs' services, but declares that the agreement as made was to the effect that the plaintiffs were to fell and buck a sufficient amount of timber so that the parties could determine by reason of the terrain and the amount of falling and bucking to be done, a reasonable amount to be paid on an acre basis for the services to be rendered on the entire tract of land; that after 80.4 acres had been felled and bucked, the parties agreed that plaintiffs should be paid at the rate of $55 per acre for the full 182.4 acres.

The plaintiffs prevailed, and defendant appeals upon the sole proposition that the court erred in refusing to admit into evidence certain records which would tend to show the amount of merchantable standing timber that had been severed from the 182.4 acres, which records were made and kept by the Columbia River Log Scaling and Grading Bureau for the benefit of the Utah Construction Co., this construction company being general contractors for the building of the highway; the defendants holding a subcontract as to this portion of the highway involved in the controversy.

The scaling records were offered by the defendant for the purpose of showing the amount of standing merchantable timber felled and bucked upon this project by the plaintiffs; this upon the theory that the amount of money to be paid plaintiffs, as claimed by the defendant, was based upon the amount of timber to be felled and bucked, and the difficulty in operating over the terrain to accomplish this work, and would tend to show their version of the agreement more reasonable than the plaintiffs' version. Plaintiffs objected to the offered records on the grounds that they were immaterial, and there followed this colloquy between the trial court and counsel for defendant:

"MR FORT: But, in determining the price per acre, certainly a determining factor is the amount of timber as well as the nature of the terrain, which those two factors, it seems to us, must become the basis—in fact, were the basis of arriving at any contract.

"The plaintiffs' testimony is that they examined the terrain and amount of timber and themselves arrived at what they said the price is as the basis of that inspection. And we think they must have had an idea of the amount of timber—and I think if they say they don't have any idea—

"THE COURT: I don't—neither party—unless I have misinterpreted the pleadings, neither party claims footage had anything to do with the basis of the alleged contract price. I think it would be prejudicial to submit to the jury the total footage of merchantable timber when there is testimony that would tend to show that merchantable timber wasn't all of the timber that was felled and bucked.

"I will sustain the objection, at least at this phase of the game."

Professor Wigmore, in his work 1 Wigmore, Evidence 3d ed, 289, 293, §§ 9 and 10, sets forth the two

general axioms of admissibility: (1) none but facts having probative value are admissible; and (2) all facts having probative value are admissible unless some specific rule forbids. The first axiom seems to be based upon this logic: Will the fact offered tend to persuade the triers of fact as to wherein the truth lies concerning the principal issue in controversy? The second is that, having passed the test of rational probative value, the fact offered is ipso facto admissible unless it should be excluded because of a specific rule; an example of such rule being the hearsay rule.

The scaling records of the amount of standing merchantable timber felled and bucked on the land would tend to persuade a jury as to a portion of the amount of work and labor performed by the plaintiffs, but standing by itself, it would form no reasonable basis upon which the jury could determine the amount of standing timber felled and bucked by the plaintiffs.

The court's ruling was based not upon the proposition that the evidence as shown in the scaling records was not of some probative value, but rather that it was inadmissible at the time offered. The scaling records offered as evidence relate only to merchantable timber, while the admitted portion of the parties' agreement, as pleaded, referred to the felling and bucking of all standing timber, which included nonmerchantable standing timber as well as that which was merchantable. The basis for the value of the work performed to indicate the reasonableness of the agreement, as argued by the defendant, required a full and complete showing of all the standing timber or evidence from which the jury could reasonably determine the amount of the standing nonmerchantable timber as well as the records of the amount of merchantable standing timber. Thus it is readily seen that either of these

facts, the amount of the merchantable standing timber or the amount of the nonmerchantable standing timber, each standing alone, was of itself inadmissible and could only become relevant and admissible when both were shown. It is, of course, impossible on the trial of a case, to offer at the same time all the necessary elements to prove a fact, which may form the basis of a rational conclusion. Thus, often facts when presented may be inadmissible and become relevant only when connected with other facts not yet presented. This dilemma, however, is solved in either of two ways: (1) by the court admitting the first offer conditionally, upon assurance of counsel that later evidence will be offered, making it relevant, and if later evidence is not so offered, then striking that first offered and admitted, and so informing the jury by the proper instruction, or (2) by rejecting the evidence first offered and when subsequent evidence is offered which will make the first facts offered relevant, admitting that which was first offered on renewal of the offer.

In determining which method should be used in the trial of a case, there should be left in the trial court a large measure of discretion, as stated by Mr. Justice Loring in *O'Brien v. Keefe,* 175 Mass 274, 56 NE 588:

"The possibility of testimony admitted 'de bene' not being subsequently made competent is one of the considerations to be passed upon by the presiding magistrate in determining whether to admit such evidence at the time it is offered or not, and it is necessary, in the conduct of trials, that such discretion should be exercised. If evidence admitted 'de bene' is not subsequently made good, the only remedy that can be given is, on the proper application being subsequently made, to rule out the testimony. Whether, in such a case, the party who produces the witness whose testimony has been

confused, or the party who has undertaken to assert that the witness is not to be believed because he is a criminal, and it turns out that that assertion is unfounded, is the greater'sufferer, is open to question. If he has suffered an injury, it is one inherent in the trial of causes; and it is well settled, when such evidence is admitted in a jury trial, that the objecting party cannot be heard to complain, if the evidence is ruled out and the jury are instructed to disregard it.''

The trial judge in this case rejected the offer, subject to later evidence being offered that would make the rejected records competent. We, therefore, cannot say as a matter of law that he abused his discretion, and since the transcript of testimony was not made a part of the bill of exceptions, we are unable to ascertain whether any evidence was ever subsequently offered that would have made the proffered scaling records relevant.

Other objections to the offered evidence were made at the time of trial and argued before this court, but since the above discussion sustains the court's ruling rejecting the offered evidence, we deem it unnecessary to discuss the other objections.

The judgment of the trial court is affirmed.