Emma L. BILLINGTON

v.

The TRAVELERS INSURANCE COMPANY.

Civ. A. No. 17779.

United States District Court, E. D. Pennsylvania.

March 16, 1955.

**232**

Thomas F. Mount, Rawle & Henderson, Philadelphia, Pa., for plaintiff.

Edward W. Mullinix, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for First Nat. Bank of Allentown and Frank L. Newhard, executors of the estate of Ellwood Warren Gilbert, deceased. Butz, Hudders, Tallman & Rupp, Allentown, Pa., of counsel.

CLARY, District Judge.

This is a petition by The First National Bank of Allentown and Frank L. Newhard, executors of the estate of Ellwood Warren Gilbert, deceased, to intervene in the instant action in interpleader.

The facts as established by the pleadings are as follows: Emma L. Billington, plaintiff herein, was a sister of Ellwood Warren Gilbert, now deceased. Sometime in the year 1928 the said Gilbert was issued a policy, No. 1204399, by The Travelers Insurance Company, defendant herein. The policy in the sum of $5,000 named his sister, plaintiff herein, sole beneficiary. It appears in these proceedings that except for a relatively few days in which The Allentown National Bank (now by merger The First National Bank of Allentown) was made the beneficiary of the policy, Emma L. Billington has been the named beneficiary in the policy. At the time of Gilbert's death on April 30, 1954, the policy was in full force and effect. Emma L. Billington was the named beneficiary, but her rights were made subject to an assignment of the policy to The First National Bank of Allentown to secure advances made by said bank to the deceased in his lifetime. The bank notified the insurance company of its interest in the policy. Upon suit by Emma L. Billington against the company and in view of the stated interest of the First National Bank to the fund, the defendant, The Travelers Insurance Company, filed a petition in this Court asking permission of the Court to deposit the full amount of the policy, $5,000, into the registry of the Court, to interplead Emma L. Billington and First National, and to be discharged from further liability. This request was granted by the Court, the money was deposited in the registry of the Court, and The Travelers Insurance Company was discharged from any further liability in this action.

The First National Bank of Allentown filed an answer as defendant in the interpleader action. In its answer it makes the following unequivocal averment: "This defendant is not the real party in interest, and has no interest in the present controversy. As a secured creditor of the Estate of Ellwood Warren Gilbert, this defendant can satisfy the indebtedness to itself out of the proceeds from the sale of chattels owned by Gilbert and on which this defendant holds a chattel mortgage. Alternatively, satisfaction can be obtained in part from the proceeds of the life insurance policy in suit, thus making available to unsecured creditors of the Estate of Ellwood Warren Gilbert a larger share of the proceeds from the sale of the chattels just mentioned."

In their petition for intervention, the executors, The First National Bank and Newhard, ask that the proceeds of the policy be made available to them as intervenors so that the other assets of the estate in which the bank has a security interest may be used by the bank and Newhard, as executors, for the purpose of paying possible unsecured creditors of the estate with excess payable either to plaintiff or legatees under Gilbert's will as the Court might direct. In other words, the executors are now trying to bring the proceeds of the policy into the estate of Gilbert to be administered as part of said estate, thereby securing heretofore unsecured creditors by substituting them in the place of the bank as a secured creditor. Had this been

Gilbert's intention, it would have been a very simple matter for him to have made his estate the beneficiary. There is no reason to believe that this was his intention and the legal consequences of his acts do not effect this result. By the very wording of the policy, the bank is the only one secured and it has disclaimed any interest in the proceeds. This Court cannot now attempt to rewrite the policy to bring about the preference requested. The proceeds of the policy are not part of the deceased estate. The bank in its capacity as assignee has explicitly disclaimed any interest in the proceeds of the policy. Consequently, neither the executors nor any unsecured creditors for whom the executors now purport to act have any interest in the subject matter of this controvery. Therefore, the motion of the executors to intervene will be denied. See Dowdy v. Hawfield, 1950, 88 U.S.App. D.C. 241, 189 F.2d 637; United States v. Columbia Gas & Electric Corp., D.C. 1939, 27 F.Supp. 116.