Granville CLINE, Appellant,

v.

Jessie CLINE et al., Appellees.

Court of Appeals of Kentucky.

May 15, 1959.

Clyde L. Miller, Louisa, for appellant.

Dan Jack Combs, Pikeville, for appellee.

CULLEN, Commissioner.

In September 1954 judgment was entered, in an action by Jessie Cline and Cornett Cline against Granville Cline, canceling two deeds which purported to convey certain land from Jessie and Cornett to Granville. The ground of cancelation was forgery. In May 1956 Granville brought an independent action, under the last sentence of CR 60.02, to set aside the judgment on the ground that the judgment was obtained through false testimony by Jessie and Cornett that they had not signed the deeds. The complaint alleged that Granville had discovered four witnesses by whom he could prove that the testimony was false, and that he could not have sooner discovered the witnesses by the exercise of ordinary diligence.

The court entered judgment dismissing Granville's complaint, and he has appealed.

It is clear that Granville could not have obtained relief by *motion* under CR 60.02 because his ground for relief is one of those upon which the rule places a one-year limitation, and his proceeding was not commenced until some 18 months after the judgment was entered. It is our opinion that he cannot escape the bar of limitation simply by bringing an independent action instead of filing a motion.

In Dowdy v. Hawfield, 88 U.S.App.D.C. 241, 189 F.2d 637, 638, in construing Federal Rule of Civil Procedure, 60(b), 28 U.S.C.A., which is substantially identical with CR 60.02, the United States Court of Appeals for the District of Columbia Circuit said that the provision of the rule authorizing an independent action "to set

aside a judgment for fraud upon the court" relates only to fraud "extrinsic or collateral, to the matter tried by the first Court, and not to a fraud in the mattter on which the decree was rendered," and held that an independent action could not be maintained, after the lapse of a year, to set aside a judgment on the ground that it was based on perjured testimony. We think this holding is sound, and we will accept it as controlling this case.

The judgment is affirmed.