T. D. Shumate, Steve Robbins, Richmond, for appellant.

Joseph A. Montgomery, Somerset, Charles J. Schear, Newport, for appellee.

**Gertrude TARTAR, Appellant,**

v.

**Ruth MEDLEY (now McAnnally), Appellee.**

Court of Appeals of Kentucky.

Oct. 4, 1963.

PALMORE, Judge.

In Tarter (sic) v. Medley, Ky., 356 S.W. 2d 255 (1962), this court affirmed a judgment of the Pulaski Circuit Court determining that Ruth Medley is the legitimate child and heir of Kenneth Tartar, deceased. One of the facts necessarily established by the evidence to support the verdict and judgment was that in about 1926 or shortly thereafter Mrs. Medley's mother and Kenneth Tartar lived together in Cincinnati, Ohio, as common law man and wife.

Following receipt of the mandate affirming the judgment appellant filed in the circuit court a CR 60.02 motion to set the judgment aside. She now appeals from an order overruling that motion.

CR 60.02 provides that a motion thereunder for relief on the grounds of (1) mistake, inadvertence, surprise or excusable neglect, (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial

under CR 59.02, or (3) perjury or falsified evidence, must be made within one year after the judgment. For that reason none of these three grounds afforded a permissible basis for the motion made in this case.

Ground (4) as enumerated in CR 60.02 is "fraud affecting the proceedings, other than perjury or falsified evidence," and ground (6) is "any other reason of extraordinary nature justifying relief." A motion based on one of these grounds (or on ground (5), which is not here involved) is not barred if made "within a reasonable time."

The motion was supported by affidavits of seven persons who were intimately familiar with the particular area in Cincinnati where Mrs. Medley's mother and Kenneth Tartar were shown by the trial evidence to have lived at the time of the common law marital relationship. All swore in effect that to their positive knowledge no white people lived in that neighborhood at that time. It is strenuously argued that this information grounds a case of "fraud affecting the proceedings," saving the motion from the one-year limitation.

In the drafting of CR 60.02 any doubt as to whether false testimony constitutes intrinsic or extrinsic fraud was obviated by its specific exclusion from ground (4), "fraud affecting the proceedings, *other than perjury or falsified evidence.*" (Emphasis added.) If the statements contained in the seven affidavits are true, they tend to establish no more than the commission of perjury by witnesses for Ruth Medley at the original trial. Assuming this to be a species of fraud, it is the very kind specified in ground (3) and expressly excluded from ground (4). We are utterly unable to follow the argument that the affidavits show fraud committed on the court other than by perjury or falsified evidence. Hence they do not support the motion on ground (4).

The enumeration of perjury or falsified evidence as ground (3) and its pointed exclusion from ground (4) evince an unmistakeable intention that as a basis for relief it be subject to the one-year limitation.

That purpose would be nullified if it were available through the avenue of ground (6). See Cline v. Cline, Ky., 324 S.W.2d 390 (1959).

The order overruling the motion is affirmed.