**ALL STATES INVESTORS, INC.,**
**Plaintiff-Appellee,**

v.

**Elinore SEDLEY, Defendant-Appellant.**

**No. 17958.**

United States Court of Appeals
Sixth Circuit.

July 24, 1968.

Wilbur Fields, Louisville, Ky., for appellant.

Henry R. Heyburn, Louisville, Ky., and Royal H. Brin, Jr., Dallas, Tex. (Henry W. Strasburger, Strasburger, Price, Kelton, Miller & Martin, Dallas, Tex., Clay L. Morton, Marshall, Cochran, Heyburn & Wells, Louisville, Ky., on the brief), for appellee.

Before CELEBREZZE and PECK, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

This appeal arises out of an action in the United States District Court for the Western District of Kentucky wherein the Court dismissed the substituted amended counterclaim and supplemented counterclaim of Elinore Sedley, defendant-appellant, in an action brought by All States Investors, Inc., plaintiff-appellee. The parties will be referred to as plaintiff and defendant, respectively, or as All States and Sedley.

All States brought the action in the District Court against Elinore Sedley and the Sedley Foundation to set aside alleged fraudulent conveyances of real estate and to subject the real estate to the payment of a judgment in the sum of $257,500 plus interest which All States held against Sedley and Bankers Bond Company, Inc. (Bankers Bond). The judgment in question had been entered on May 21, 1964, in the United States District Court for the Western District of Kentucky, in action No. 3646, styled "All States Investors, Inc. v. The Bankers Bond Company, Inc., and Elinore Sedley." This action will be referred to as No. 3646. At the time the action now before us was brought in the District Court, Bankers Bond was insolvent or at least it was without funds to satisfy the judgment. It was alleged in the complaint that Elinore Sedley had transferred for an inadequate consideration certain real estate to the Sedley Foundation. Plaintiff sought to have the transfers set aside.

The cause of action in No. 3646 grew out of the issue and sale of bonds by the City of West Buechel, a Sixth Class City of the State of Kentucky.[1] All States had purchased bonds of this issue in the amount of $250,000 which subsequently defaulted. It then brought an action (No. 3646) for recovery against Bankers Bond, Sedley and others based on common law fraud and violation of the Securities Act. During the progress of the trial on these issues, the parties announced to the trial judge that they had reached an agreement for settlement.

---

1. The details of the issue and sale of these bonds are described in an opinion of this Court reported at Texas Continental Life Insurance Company v. Dunne, 6 Cir., 307 F.2d 242, and in the opinion of District Judge Swinford, reported at Texas Continental Life Ins. Co. v. Bankers Bond Co., D.C., 187 F.Supp. 14.

Pertinent provisions of the agreement were that Sedley and Bankers Bond were to purchase at the time of closing $250,000 face value of the bonds for $90,000 cash and a note for $15,000 with Sedley and Bankers Bond as makers. Closing was to be within thirty days and the bonds were to be delivered simultaneously with the payment of the money and the delivery of the note. As a part of the agreement the parties entered into a stipulation that if Sedley or Bankers Bond failed to carry out their obligation within the specified time the court was to have authority and jurisdiction, without notice or the hearing of any further evidence, to enter judgment against them for the full amount of All States' claim. It was further stipulated that the bonds which were the subject of the action were in the possession of Honorable Martin R. Glenn, Clerk of the United States District Court at Louisville.

Within the specified time, Sedley and Bankers Bond tendered performance of their obligations under the agreement. All States was not able to deliver the bonds and the agreement was not consummated. It developed that the Clerk did not have the bonds and the parties were unable to account for them. Later the trial judge made a finding that without the fault of anyone the bonds were lost, stolen or misplaced.

Finally, upon delivery of an agreement indemnifying Sedley and Bankers Bond against any loss by reason of failure to deliver the bonds, a release and an assignment of the bonds, the trial judge held that this was substantial performance and entered a judgment for $257,500 on March 19, 1964. On appeal we affirmed. All States Investors, Inc. v. Bankers Bond Company, 6 Cir., 343 F.2d 618. It is a matter of interest that on a preliminary motion in this case (No. 3646) the district judge held by order dated January 22, 1959 that these bonds were invalid. There was no appeal from this order and this was a final adjudication of that issue. It also appears from exhibit 4 attached to the counterclaim that they were adjudicated to be invalid by Judge Winifred of Texas, (apparently a state judge).

It is this judgment that is in issue on the appeal now before us. To the plaintiff's complaint in that action, the defendant Sedley filed an answer and counterclaim. During the pendency of these proceedings, Sedley paid plaintiff's judgment in full and its cause of action was dismissed with prejudice. We are here concerned only with Sedley's substitute amended counterclaim and the supplement thereto, referred to hereinafter as the counterclaim.

In a long and somewhat involved counterclaim, which fails to comply with Rule 8, F.R.Civ.P., requiring "a short and plain statement of the claim," counsel for the defendant seeks to have the settlement agreement in No. 3646 and the judgment entered in accordance therewith declared null and void for the reason that the defendant was induced to enter into the agreement by fraud. The defendant further seeks $1,000,000 damages by reason of the fraud thus alleged to have been practiced upon her. Counsel for the plaintiff moved to dismiss the counterclaim for the reasons that it failed to state a cause of action (Rule 12(b) (6) F.R.Civ.P.) and that the questions raised thereby were res judicata. The trial judge sustained this motion and the defendant appealed.

From the maze of language in the counterclaim, the trial judge distills two occasions of alleged fraud perpetrated through the concerted actions of plaintiff's attorney and her own attorney. The first was the false representation of the plaintiff that at the time the settlement agreement was entered into the bonds were available for delivery. The second was that the judge was deceived into accepting the premise that the plaintiff entered into the settlement agreement in good faith, believing that the bonds were available for delivery, and thus induced the judge to approve the substituted performance.

■ On the first charge of fraud the district judge said:

"On the basis of the uncontradicted facts of this record, it must be ruled as a matter of law that the first misrepresentation was not the proximate cause of any damage that may have been suffered by the defendant. Having never asked for a rescission, the defendant is conclusively presumed to have elected to stand by the terms of the settlement agreement and to sue for the damages caused by the plaintiff's failure to deliver the bonds. Hampton v. Suter, 330 S.W.2d 402 (Ky.) citing Dunn v. Tate, 268 S.W.2d 925 (Ky.) But there could not have been any such damages because it has been adjudged that in lieu of delivery of the bonds the defendant was offered a substituted performance of equal value. It was her refusal to accept the substituted performance that caused her damage, and when she made the refusal she was not in any way relying upon the truth of the representation. Since no damage was caused by this misrepresentation, there can be no recovery on the basis of it. Long v. Howard, 260 Ky. 323, 75 S.W.2d 742; Curd v. Bethell, 248 Ky. 127. 58 S.W.2d 261; Lashley v. Lashley, 205 Ky. 601, 266 S.W. 247."

■ As to the second allegation of fraud, the judge said:

"In regard to the plaintiff's second alleged misrepresentation, the essential elements of fraud have been alleged, however, although proof of the plaintiff's bad faith in offering the substituted performance would have been a valid defense, Weil v. B. E. Buffaloe & Co., 251 Ky. 673, 65 S.W. 2d 704; Cassinelli v. Stacy, 238 Ky. 827, 38 S.W.2d 980; 17A C.J.S. [Contracts] Section 508, p. 815, the plaintiff's statements to the court indicating its good faith do not, taken by themselves, constitute the type of fraud necessary to relieve the defendant of the adverse judgment. Chatterton v. Janousek, [108 U.S.App.D.C. 171] 280 F.2d 719 (D.C.Cir. 1960);

Johnson v. First National Bank in Wichita, Kansas, 223 F.2d 31 (10th Cir. 1955); Durham v. New Amsterdam Cas. Co., 208 F.2d 342 (4th Cir. 1953); Rubens v. Ellis, 202 F.2d 415 (5th Cir. 1953); Dowdy v. Hawfield, [88 U.S.App.D.C. 241] 189 F.2d 637 (D.C.Cir. 1951). The defendant must show some legally recognized excuse for failing to refute the plaintiff's contention of good faith while the original adjudication was in progress."

We agree with these conclusions.

It is alleged in a supplemental counterclaim that on Saturday, April 9, 1966, at about 10:15 a. m. counsel for defendant was notified by Mr. Hubert T. Willis, original counsel for the plaintiff, that he had found the bonds under the sofa in his office. Further allegations of fraud were made by reason of finding these bonds. However, the finding of these bonds is not inconsistent with the finding of the trial judge in No. 3646 that the bonds were lost, misplaced or stolen. It is alleged in this supplemental counterclaim that the defendant and Bankers Bond

"purchased over 65% of the total issue of $2,000,000 of said West Buechel bonds on the belief and qualified legal advice that Lloyds of London had an underwriter's obligation to pay the debts of the surety on the note of Mr. Ben Jack Cage, given in partial payment of the purchase of said West Buechel bonds; that said belief that there was a chance of recovery of the amount due on said note was a motivating factor of this Defendant and Bankers Bond Co. into entering said settlement agreement, which fact was known by the Plaintiff and its counsel on January 23, 1963 and for months prior thereto."

This is the first that we have heard this argument advanced in this case as a ground for refusing to consummate the settlement agreement and it would not be pertinent to the charge of fraud in inducing the defendant to enter into the agreement.

Reference is made in the substitute amended counterclaim to Civil Action No. 8576, styled W. R. Williford, et al., plaintiffs v. Professional and Business Men's Insurance Company, a corporation formerly known as All States Life Insurance Company, et al., pending in the United States District Court for the Northern District of Texas at the time the judgment in question was entered. We do not find that this is pertinent to the issue before us.

■ We conclude that the charges of fraud inducing the defendant to enter into the settlement agreement are not supported by the allegations of the counterclaim and it does not, therefore, state a cause of action. The counterclaim is generally vague, with conclusory statements rather than specific allegations of fact, and we find it is without merit as to any claimed causes of action.

Counsel for the defendant attached as exhibit 4 to his counterclaim a transcript of a hearing on a motion conducted by Judge Wilson on April 27, 1963. Judge Wilson is the judge before whom No. 3646 was tried at the time the settlement agreement was entered into and who granted the judgment on March 19, 1964. The motion was by All States for judgment for the full amount of its claim in accordance with the settlement agreement upon the failure of performance by Sedley and Bankers Bond. According to this transcript there was an extended discussion between counsel and the court relative to the motion and the settlement agreement. We do not find any reference to or any claim that the defendant was induced to enter into the agreement by fraud. All of the facts now relied upon to establish fraud were known to counsel at the time of the hearing on this motion. As we said above, the subsequent finding of the bonds, as alleged in the supplemental counterclaim, was not inconsistent with the finding that they were lost, misplaced or stolen. Judge Wilson decided this motion on October 4, 1963. He gave the parties a new closing date, October 21st, and held that upon further failure of Sedley and Bankers Bond summary judgment would be entered.

Thereafter Sedley and Bankers Bond filed a series of motions through a new attorney whom the judge permitted to be substituted for former counsel. They sought to file a third party complaint against Mr. Berkowitz, their former counsel. Judge Wilson denied leave to file a third party complaint. All of this procedure is detailed in our opinion in All States Investors, Inc. v. Bankers Bond Company, supra, 343 F.2d at pages 622–623.

■ We conclude that all of the issues attempted to be raised by this counterclaim were or could have been adjudicated in No. 3646 and its appeal to this Court. As a general rule *"res judicata* may be pleaded as a bar, not only as respects matters actually presented to sustain or defeat the right asserted in the earlier proceeding, 'but also as respects any other available matter which might have been presented to that end.'" Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 378, 60 S.Ct. 317, 320, 84 L.Ed. 329. See also, Acree v. Air Line Pilots Association, 390 F.2d 199, C.A.5; Hudson v. American Surety Company of New York, 377 F.2d 698, C.A.8.

The judgment of the District Court is affirmed.

Motion of the plaintiff-appellee, All States Investors, Inc., to strike from the record of this case portions of the record of Case No. 3646 in the United States District Court for the Western District of Kentucky, styled: All States Investors, Inc., Plaintiff v. Bankers Bond Company, Elinore Sedley, Charles D. Dunne, and James E. Dunne, II, Defendants, claimed to have been filed pursuant to Rule 16(6) of the rules of this Court on May 31, 1968, is sustained.